UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| MARICELA ARREDONDO, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. L-05-191 |
| | § | |
| RICK FLORES; Webb County Sheriff; and | § | |
| WEBB COUNTY, TEXAS, | § | |
| | § | |
| Defendants. | § | |

## OPINION & ORDER

Pending before the Court is Defendant Webb County's Motion to Dismiss Plaintiffs' civil rights suit against Webb County.  [Doc. No. 5].  Upon due consideration of the pleadings, responsive filings, and the governing law, the Court DENIES Defendant's Motion.

## I.    PROCEDURAL BACKGROUND AND RELEVANT FACTS

Plaintiffs are all former employees of the Webb County Sherriff's Department. [Doc. No. 11]. All of them claim that Defendant Rick Flores terminated their employment in retaliation for their support of Flores' opponent in his electoral campaign for County Sheriff. [Doc. No. 11]. On August 29, 2005, Plaintiffs brought suit pursuant to 28 U.S.C. § 1983, claiming that Defendants, in terminating their employment based on their political views, violated their First Amendment right to free speech. [Doc. No. 1-1]. Plaintiffs' [First] Amended Complaint was filed on October 12, 2005. [Doc. No. 11]. On September 20, 2005, Defendant Webb County filed the Motion to Dismiss now before the Court, arguing that Plaintiffs have failed to state a claim for municipal liability under § 1983. [Doc. No. 5-1]. Plaintiffs filed their Response on October 12, 2005. [Doc. No. 10].

## II.    DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a claim "for failure to state a claim on which relief can be granted."  Dismissal is warranted when it is clear that a plaintiff can "prove no set of facts in support of his claim that would entitle him to relief." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (citing *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990)). In evaluating the sufficiency of the pleadings, a court treats all well-pleaded facts as true, "viewing them in the light most favorable to the plaintiff." *Id*. (citing *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996)). A court should not dismiss a claim unless the plaintiff would not be entitled to relief under "any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id*. (citing *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996)).

> Title 42 U.S.C. § 1983 provides, in relevant part, that:
>
> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Here, Plaintiffs sue not only Sherriff Flores individually for allegedly committing the specific acts giving rise to the suit, but also Webb County. When suing a municipality under § 1983, a plaintiff must allege an adequate nexus between the unconstitutional act and the municipality— *i.e.*, the plaintiff must allege "(1) a policy maker; (2) an official policy; and (3) a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing the seminal case *Monell v. Dept. of Social Serv.'s*, 436 U.S. 658, 694 (1978)).

2

The second prong, which requires proof of an "official policy," often poses the most difficulty to a plaintiff seeking to hold a municipality liable for their constitutional injury. Usually plaintiffs attempt to show the requisite policy by demonstrating a "custom which, even if not formally approved by an appropriate decision maker, may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Board of County Comm'rs of Bryan County*, 520 U.S. 379, 404 (1997). However, in the present case Plaintiffs' basis for municipal liability is one which is less frequently invoked, but just as clearly established in civil rights case law: a plaintiff can establish a "policy" for *Monell* purposes by pointing to a "decision to adopt [a] particular course of action [if] properly made by [a municipality's] authorized decisionmakers." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986).  In other words, "a single action by a municipal official possessing final policymaking authority regarding the action in question constitutes the official policy of the municipality." *Bd. of the County Comm'rs v. Brown*, 520 at 404.

Thus, to hold a municipality liable in this context, a plaintiff must establish: (1) that the act in question was "official policy"—that is, that the decisionmaker was the "final decisionmaker" in that he had final authority "with respect to the action ordered" *Pembaur*, 475 U.S. at 481; (2) that the policymaker took the official action with the requisite degree of culpability; and (3) that the official policy caused a deprivation of a federal right.  *Bd. of the County Comm'rs*, 520 U.S. at 404.

First, as the Fifth Circuit has stated, "the fact that under Texas law, no other official or governmental entity of the county exerts any control over the sheriff's discretion in filling [certain] available . . . positions is what indicates that the sheriff constitutes the county's final policymaker in [that] area." *Brady v. Fort Bend County*, 145 F.3d 691, 702 (1998); *see also Id.* at

700 (reiterating that the inquiry is not whether the sheriff is the final policy maker with respect to law enforcement or employment policy "*generally*," but rather "with respect to the specific action at issue here—*filing available employment positions in the sheriff's department*") (emphasis in original). Thus, Defendant Webb County must admit, as it does, that Defendant Flores was a final decisionmaker with final authority to terminate Plaintiffs, [Doc. No. 5-1], and, thus, Defendant Flores' decision to terminate Plaintiffs' employment was an official policy.

Second, "[w]here a plaintiff claims that a particular municipal action *itself* violates federal law, or directs an employee to do so, resolving . . . issues of fault and causation is straightforward." *Bd. of the County Comm'rs*, 520 U.S. at 404. Proof that a municipality's authorized decisionmaker "has intentionally deprived a plaintiff of a federally protected right necessarily establishes that the municipality acted culpably." *Id.* at 405. Plaintiffs allege that Defendant Flores intentionally terminated their employment with the Webb County Sherriff's Department as retaliation for exercising their First Amendment rights. This claim sufficiently alleges both culpability and causation—that is, it alleges a culpable motive, and alleges that Plaintiffs' constitutional deprivations were the result of Defendant Flores' actions as a final decisionmaker.

Despite Plaintiffs' relatively well-pled complaint, Webb County argues that it cannot be held liable for the actions of Defendant Flores because "[Defendant] Flores' invocation of Texas Local Government Code § 85.003(c)[,] which provides that a deputy, or employee, serves at the pleasure of the sheriff, cannot equate to a law enforcement policy, as it is statutory in nature." [Doc. No. 5-1 at 3]. Webb County seems to be arguing that because Defendant Flores terminated Plaintiffs pursuant to his power to do so by statute, such action cannot constitute an official policy. First, Plaintiffs' basis for alleging official policy is not that they were terminated pursuant

to a statute, but that the individual who caused their constitutional deprivation was a final decisionmaker. Second, even if Plaintiffs did allege a statutory official policy, their argument would certainly not be weakened, as statutory law is the quintessential example of state policy.

Lastly, Webb County argues that Plaintiff is "attempting to set up a claim of *respondeat superior* against Webb County" by alleging that Defendants are "jointly and severally liable." [Doc. No. 5-1 at 4]. This is incorrect. Plaintiffs assert an official policy that was the proximate cause of their constitutional injury, not merely vicarious liability.

The Court finds that Plaintiffs have stated a claim for municipal liability under § 1983 and, therefore, Defendant Webb County's Motion to Dismiss under Rule 12(b)(6) is **DENIED**.

IT IS SO ORDERED.

DONE this 22nd day of August, 2006, in Laredo, Texas.

Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**