O

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### LAREDO DIVISION

| | | |
|---|---|---|
| MARICELA ARREDONDO, et al., | § | |
| | § | |
|    Plaintiffs, | § | |
| | § | |
| vs. | § | Civil Action No. L-05-191 |
| | § | |
| RICK FLORES, Sheriff of Webb County, Texas, et al., | § § § | |
| | § | |
|    Defendants. | § | |

# **O R D E R**

Pending before the Court are Defendants' Motion to Compel Plaintiffs to Respond to Defendants' First Request for Production, Admissions, Interrogatories, and Depositions on Written Question ("Motion to Compel") [Doc. No. 103], and Defendants' First Amended Motion for Extension of Scheduling Order Deadlines [Doc. No. 104]. In the Motion to Compel, filed on June 14, 2007, Defendants also requested sanctions for Plaintiffs' alleged failure to comply with discovery requests. On July 5, 2007, Plaintiffs filed a response to Defendants' Motion to Compel and Motion for Sanctions [Doc. No. 106] and, on July 9, 2007, filed a response to Defendants' Motion to Extend Scheduling Order Deadlines [Doc. No. 108]. In turn, on July 25, 2007, Defendants filed a reply to Plaintiffs' Response to Defendants' Motion to Compel [Doc. No. 109]. IT IS HEREBY ORDERED that Defendants' Motion to Compel is GRANTED IN PART and DENIED IN PART, and Defendants' First Amended Motion for Extension is DENIED AS MOOT.

**I.**    **Defendants' Motion to Compel**

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding

any matter, not privileged, that is relevant to the claim or defense of any party." Discoverable information need not be admissible itself, as long as it appears "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Here, Plaintiffs are suing under 42 U.S.C. § 1983 to recover damages and equitable relief for Defendants' alleged violation of Plaintiffs' rights to free speech and association. Specifically, Plaintiffs claim that Defendant-Sheriff Rick Flores fired them in retaliation of either their political support for Defendant's electoral opponent in the Democratic Party primary election or their failure to support Defendant during the election.

Pursuant to Federal Rule of Civil Procedure 37, Plaintiffs shall respond to Defendants' First Request for Production, Admissions, Interrogatories, and Depositions within twenty (20) days of this order, as follows:

    A.    <u>Depositions on Written Question</u>

        i.    *Returning Depositions on Written Question*

On February 14, 2007, Defendants served Plaintiffs with depositions on written question ("DWQs"). Defendants contend that Plaintiffs Jesus Dominguez, Carmen Maldonado, Jorge Moreno, Jr., Samuel Rubio, Jr., and Ricardo B. Walker refused to answer or failed to answer specific questions. (Defs.' Mot. to Compel ¶ 6(i).) Plaintiffs respond by moving for leave of court to serve without sanction the late verified answers of Plaintiffs Samuel Rubio, Jr. and Ricardo B. Walker to Defendants' DWQs. (Pls.' Resp. to Defs.' Mot. to Compel ¶ 2.) In addition, Plaintiffs request that the Court allow them to serve the answers of Plaintiffs Jesus Dominguez, Carmen Maldonado, and Jorge Moreno, Jr. *Id.* at ¶ 3.

Plaintiffs Jesus Dominguez, Carmen Maldonado, Jorge Moreno, Jr., Samuel Rubio, Jr., and Ricardo B. Walker are ordered to serve their verified answers to the DWQs to Defendants.

        ii.    *Providing Sworn Verifications*

Defendants argue that they have not received the sworn verifications to answers for Plaintiffs Laura Garza, Rodolfo Gonzalez, Jr., and Homero S. Rangel. (Defs.' Mot. to Compel ¶ 6(ii)(a).) In turn, Plaintiffs attach to their Response copies of the verified signature pages for the three

aforementioned plaintiffs.[1]  Plaintiffs also move the Court for leave to serve Defendants with appropriately verified signature pages for the three plaintiffs' DWQs.  (Pls.' Resp. ¶ 4.)

Plaintiffs Laura Garza, Rodolfo Gonzalez, Jr., and Homero S. Rangel are ordered to serve Defendants with their sworn verifications to the answers.

### iii.   *Late Sworn Verifications*

Defendants further address Plaintiffs' alleged failure to timely deliver the sworn verifications for eight plaintiffs.  Specifically, Defendants contend that Plaintiffs hand-delivered the verifications on May 17, 2007, which was more than two months after the March 9, 2007 deadline.  (Defs.' Mot. to Compel ¶ 6(ii)(b).)  In their Response, Plaintiffs do not attempt to deny or otherwise explain the delay in delivering these verifications for the eight plaintiffs.  Since Defendants are not moving the Court to compel discovery documents, the Court assumes that Defendants highlight the late verifications for purposes of requesting sanctions.  Defendants' Motion for Sanctions is addressed in Section II of this order.

### iv.   *Answering DWQs*

a.   **Question #2:** Please state your current occupation including the name of your employer, the address of your employment and current salary.

Defendants also contend that Plaintiffs Diana Silguero, Pedro Vasquez, and Alberto Villarreal failed to respond to DWQ #2.  (Defs.' Mot. to Compel ¶ 6(iii)(a).)  Plaintiffs do not address this allegation in their Response.  The record indicates that the three plaintiffs failed to respond fully to all the information requested in DWQ #2.  (*See* Defs.' Ex. 1A.)

Since this question is relevant to mitigation issues related to Plaintiffs' alleged injury, Plaintiffs Diana Silguero, Pedro Vasquez, and Alberto Villarreal are ordered to provide full and complete responses to DWQ #2.

b.   **Question #25:** Please list the names of all the doctors you have seen since your failure to be rehired by Webb County Sheriff Rick Flores and the reasons for your doctor visits.

Defendants further argue that three plaintiffs did not fully respond to DWQ #25. Specifically, Plaintiffs Orlando Canizalez and Guadalupe Rodriguez did not provide reasons to explain their doctors' visits and Plaintiff Celerina Flores did not give any doctors' names nor reasons for the doctors' visits.  (Defs.' Mot. to Compel ¶ 6(iii)(b).)  Plaintiffs do not address this issue in their Response.  The record confirms Defendants' allegations.  (*See* Defs.' Ex. 1A.)

---

[1] The Court notes that the actual signature on the sworn verification for Homero S. Rangel is that of Yolanda Rangel, the heir of Homero S. Rangel.  (*See* Pls.' Resp., Attachments.)

Since this question is relevant to Plaintiffs' claims of physical pain, emotional distress, and medical expenses, Plaintiffs Orlando Canizalez, Celerina Flores, and Guadalupe Rodriguez are ordered to provide full and complete responses to DWQ #25.

        c.        **Question #21:** Have you applied for any employment since you were not rehired by Webb County Sheriff Rick Flores? If so, please list the dates and the employment for which you applied.

Defendants allege that twenty-four plaintiffs have failed to provide complete answers to DWQ #21. Specifically, Defendants argue that all twenty-four plaintiffs did not give the dates of any job applications made after their employment at Webb County. (Defs.' Mot. to Compel ¶ 6(iii)(c).) In their Response, Plaintiffs contend that the question did not allow the plaintiffs the latitude of providing approximate dates in circumstances where the plaintiffs did not remember exact dates. (Pls.' Resp. ¶ 9.) Plaintiffs further explain that the plaintiffs who did not include dates in their responses could not do so without "speculation and guesswork." *Id.* In addition, Plaintiffs attach their Supplemental Discovery Responses, which contain answers to DWQ #21 for ten Plaintiffs, and further move the Court for leave to serve these new responses on Defendants without sanction. (*See* Attachments to Pls.' Resp.)

After examining the record, the Court finds that Defendants' contention regarding all twenty-four plaintiffs is not entirely correct.

### (1) Plaintiff Eduardo Garcia

The record indicates that Plaintiff Eduardo Garcia provided the date "Oct 06" at the end of his answer to DWQ #21. (Defs. Ex. 1A, Pt. 3.) However, Plaintiff Garcia's answer is ambiguous as it is unclear whether the October 2006 date refers only to the last job application or all of the job applications listed in the answer.

Plaintiff Eduardo Garcia is ordered to supplement his answer by separately listing the respective dates for each job application.

### (2) Plaintiff Rodolfo Gonzalez, Jr.

In addition, Plaintiff Rodolfo Gonzalez, Jr. provided the year "2005" after each job application listing in his answer to DWQ #21. (Defs. Ex. 1A, Pt. 4.) While having the month(s) along with the year would have been helpful, Plaintiff's listing of just the year is adequate if Plaintiff cannot remember the exact month(s) he applied for the positions.

Plaintiff Rodolfo Gonzalez, Jr. is ordered to provide the month(s) that he applied for the positions in 2005. If he cannot remember the exact month(s), then Plaintiff Gonzalez must note this lack of recollection in his response to DWQ #21.

### (3) Other Plaintiffs

Plaintiffs' Supplemental Discovery Responses provide answers for only eight out of the remaining twenty-two plaintiffs whom Defendants contend are missing responses to DWQ #21. Since the question is relevant to mitigation issues for injury to earning capacity as pled by Plaintiffs, the other twenty-two plaintiffs are ordered to serve to Defendants complete answers to DWQ #21. These plaintiffs are as follows:

| | | |
|---|---|---|
| Soraya Canavati | Leticia Davila | Mario Davila |
| Marco Dominguez | Jaime R. Flores | Francisco Fuentes |
| Manuel F. Gaytan, Jr. | Juan Hernandez, Jr. | Mario Hinojosa, Jr. |
| Celerino Jasso, Jr. | Martin Ramiro Maldonado, Jr. | Joseph Henry Martinez |
| Leticia Martinez | Arturo Ortiz | Maria de Lourdes Palacios |
| Homero S. Rangel | Guadalupe Rodriguez | Diana Silguero |
| Pedro Vasquez | Jesus Villanueva | Alberto Villarreal |
| Roy Villarreal | | |

If Plaintiffs cannot remember exact dates, then they may list the years they applied for each job. Furthermore, if Plaintiffs cannot remember any dates at all, they must note that in their responses to DWQ #21.

        d.    **Question #30:** Were you aware the Plaintiff Esteban Paez, Sr. was on Sheriff Rick Flores' transition team and made hiring and firing recommendations? If so, who told you of Esteban Paez, Sr.'s involvement with Sheriff Flores' transition team?

Defendants also contend that Plaintiffs Juan Hernandez and Guadalupe Rodriguez provided answers that were unresponsive to DWQ #30. (Defs.' Mot. to Compel ¶ 6(iii)(d).) Plaintiffs do not address this issue in their Response. The record shows that Plaintiffs Hernandez and Rodriguez answered by indicating that they did not observe the activities of the transition team. (Defs.' Ex. 1A.) Such an answer to the DWQ is unresponsive since the first part of the question calls for a "yes" or "no" answer.

Plaintiffs Juan Hernandez and Guadalupe Rodriguez are ordered to respond appropriately to DWQ #30.

        e.    **Question #7:** If you have ever been investigated or arrested for any offense committed in any country or state while you were employed with the Webb County Sheriff's Department, please list the dates which you were investigated or arrested, the offense you were investigated or arrested for and the county in which you were investigated or arrested.

Defendants highlight Plaintiff Roy Villarreal's failure to answer DWQ #7 by not providing any dates. (Defs.' Mot. to Compel ¶ 6(iii)(e).) Plaintiffs do not address this issue in their Response. The record shows that Plaintiff Roy Villareal provided an answer to DWQ #7 indicating he had been

arrested in Webb and Nueces Counties for aggravated assault. However, Plaintiff did not give any dates for the arrests. (Defs.' Ex. 1A., Pt. 9)

Plaintiff Roy Villareal is ordered to respond fully to DWQ #7 by providing the respective dates of the arrests.

    B.    <u>Interrogatories</u>

        i.    *Answering Interrogatories*

            a.    **Interrogatory:** Describe all efforts made by Plaintiff to obtain employment after he/she failed to be rehired by Defendants including names of prospective employers.

Defendants argue that Plaintiffs Jesus Dominguez, Carmen Maldonado, Jorge Moreno, Jr., Samuel Rubio, Jr., Ricardo B. Walker, and Soraya Canavati failed to respond to this Interrogatory. (Defs.' Mot. to Compel ¶ 7(i).) In their answers, all six Plaintiffs objected to answering the Interrogatory. They argued that the question was unduly burdensome, harassing and vexatious because identifying subsequent employers would expose the plaintiff to risk of additional retaliation and black balling in the industry. (Defs.' Ex. 1B.)

Plaintiffs' objections are overruled. The Court rejects the Interrogatory's blatant characterization of a disputed fact in this case– namely, how Plaintiffs' employment with Webb County terminated. However, the Court disagrees with Plaintiffs' argument that revealing their efforts to get employment would subject them to "retaliation and black balling in the industry." Furthermore, Plaintiffs' efforts to obtain employment is highly relevant to mitigation issues for injury to earning capacity.

The six plaintiffs are ordered to respond to the Interrogatory by describing any efforts they made to obtain employment after their jobs with Webb County ended.

            b.    **Interrogatory:** Identify any employment attained by Plaintiff since failing to be rehired by the Webb County Sheriff's Department.

Defendants argue that Plaintiffs Jesus Dominguez, Carmen Maldonado, Jorge Moreno, Jr., Samuel Rubio, Jr., Ricardo B. Walker, and Soraya Canavati failed to respond to this Interrogatory. (Defs.' Mot. to Compel ¶ 7(ii).) In their answers, all six Plaintiffs objected to answering the Interrogatory. They argued that the question misstated disputed facts, was unduly burdensome, harassing and vexatious because identifying subsequent employers would expose the plaintiff to risk of additional retaliation and black balling in the industry. (Defs.' Ex. 1B.)

Plaintiffs' objections are overruled. The Court rejects the question's blatant characterization of a disputed fact in this case – namely, how Plaintiffs' employment with Webb County ended.

However, the Court disagrees with Plaintiffs' argument that identifying employment attained since their employment with Webb County would subject them to "retaliation and black balling in the industry." Plaintiffs' attainment of employment is highly relevant to mitigation issues for injury to Plaintiffs' earning capacity.

As such, Plaintiffs Jesus Dominguez, Carmen Maldonado, Jorge Moreno, Jr., Samuel Rubio, Jr., Ricardo B. Walker, and Soraya Canavati are ordered to respond to this Interrogatory.

> c. **Interrogatory:** State with particularity how Defendants have caused injury to Plaintiffs' past and future earning capacity.

Defendants argue that Plaintiffs Jesus Dominguez, Carmen Maldonado, Jorge Moreno, Jr., Samuel Rubio, Jr., Ricardo B. Walker, and Soraya Canavati partially responded to this Interrogatory, but then referred Defendants to the depositions on written question propounded to Plaintiffs. (Defs.' Mot. to Compel ¶ 7(iii).) Plaintiffs do not address this contention in their Response. In their answers, Plaintiffs reject the Interrogatory as "unreasonably cumulative," "duplicative," and "harassing." (Defs.' Ex. 1B.)

Plaintiffs' objections are overruled. The record indicates that responses to DWQs are missing for five out of the six plaintiffs. In addition, there is no question in the DWQs that addresses the exact issue of injury causation to the plaintiff's past and future earning capacity. The Interrogatory is also clearly relevant to mitigation issues for injury related to Plaintiffs' earning capacity.

Plaintiffs Jesus Dominguez, Carmen Maldonado, Jorge Moreno, Jr., Samuel Rubio, Jr., Ricardo B. Walker, and Soraya Canavati are ordered to respond to this Interrogatory.

> d. **Interrogatory:** State all facts that support Plaintiff's contention that Plaintiff's political support of the incumbent Sheriff was the motivating factor in Plaintiff's failure to be rehired.

Defendants contend that Plaintiffs Jesus Dominguez, Carmen Maldonado, Jorge Moreno, Jr., Samuel Rubio, Jr., and Ricardo B. Walker failed to respond to this Interrogatory. Specifically, Defendants argue that Plaintiffs referred Defendants to Plaintiffs' responses to DWQs, which were not returned. (Defs.' Mot. to Compel ¶ 7(iv).) Plaintiffs do not address this issue in their Response. In their answers, all five plaintiffs objected to the Interrogatory because it was "overly broad," called for "marshalling of evidence," and inquired into work product prepared in anticipation of litigation. (Defs.' Ex. 1B.) All the plaintiffs also referred Defendants to discovery responses. *Id*.

### (1) Plaintiffs Carmen Maldonado, Jorge Moreno, Jr., and Ricardo Walker

The Court overrules the objections of Plaintiffs Carmen Maldonado, Jorge Moreno, Jr., and Ricardo Walker. The Interrogatory addresses an important issue relevant to Plaintiffs' claims.

Plaintiffs' general reference to other discovery responses is not an appropriate answer. In addition, the subject Interrogatory on its face seeks factual information. It does not appear that answers to this Interrogatory would require revelations of work product.

Plaintiffs Carmen Maldonado, Jorge Moreno, Jr., and Ricardo Walker are ordered to provide a complete answer to this Interrogatory to the extent that the information requested does not contain the mental impressions, conclusions, opinions, or legal theory of Plaintiffs' attorneys or representatives.

(2) <u>Plaintiffs Jesus Dominguez and Samuel Rubio, Jr.</u>

Unlike the other three claimants, Plaintiffs Jesus Dominguez and Samuel Rubio, Jr. provided separate and distinct answers to this Interrogatory. Plaintiff Dominguez stated: "I was a member of Webb County Sheriff's Association Union (CLEAT), which endorsed the candidacy of Juan Garza." (Defs. Ex. 1B.) Furthermore, Plaintiff Rubio answered:

> I was seen almost everywhere in my time off duty campaigning for Juan Garza. Defendant Rick Flores saw me in campaigning in front of West Coast Video and asked me if I was staying with Juan Garza, and I said yes. I appeared in commercials and print ads in support of Juan Garza's campaign. I was also a member of the Webb County Sheriff's Association (CLEAR), which endorsed the candidacy of Juan Garza.

(Defs.' Ex. 1B.)

The Court finds that the answers provided by Plaintiffs Jesus Dominguez and Samuel Rubio, Jr. appropriately address the Interrogatory. As such, Plaintiffs Dominguez and Rubio are not compelled to address further this Interrogatory.

e. **Interrogatory:** State all facts that support Plaintiff's contention that Defendant Flores knew of Plaintiff's political support of the incumbent Sheriff Juan Garza.

Defendants contend that Plaintiffs Jesus Dominguez, Carmen Maldonado, Jorge Moreno, Jr., Samuel Rubio, Jr., and Ricardo B. Walker failed to respond to this Interrogatory. Specifically, Defendants argue that Plaintiffs referred Defendants to Plaintiffs' responses to DWQs, which were not returned. (Defs.' Mot. to Compel ¶ 7(v).) Plaintiffs do not address this issue in their Response. In their answers, all five plaintiffs objected to the Interrogatory because it was "overly broad," called for "marshalling of evidence," and inquired into work product prepared in anticipation of litigation. (Defs.' Ex. 1B.) All the plaintiffs also referred Defendants to discovery responses.

(1) <u>Plaintiffs Carmen Maldonado, Jorge Moreno, Jr., and Ricardo Walker</u>

8

The Court overrules Plaintiffs' objections. The Interrogatory addresses an important issue relevant to Plaintiffs' claims. Plaintiffs' general reference to other discovery responses is not an appropriate answer. In addition, the subject Interrogatory on its face seeks factual information. It does not appear that answers to this Interrogatory would require revelations of work product. Therefore, Plaintiffs' objections in their Answers are overruled.

Plaintiffs Carmen Maldonado, Jorge Moreno, Jr., and Ricardo Walker are ordered to provide a complete answer to this Interrogatory to the extent that the information requested does not contain the mental impressions, conclusions, opinions, or legal theory of Plaintiffs' attorneys or representatives.

(2) Plaintiffs Jesus Dominguez and Samuel Rubio, Jr.

Unlike the other three claimants, Plaintiffs Jesus Dominguez and Samuel Rubio, Jr. provided separate and distinct answers to this Interrogatory. Plaintiff Dominguez stated: "I was a member of Webb County Sheriff's Association Union (CLEAT), which endorsed the candidacy of Juan Garza." (Defs.' Ex. 1B.) Furthermore, Plaintiff Rubio answered:

> I was seen almost everywhere in my time off duty campaigning for Juan Garza. Defendant Rick Flores saw me in campaigning in front of West Coast Video and asked me if I was staying with Juan Garza, and I said yes. I appeared in commercials and print ads in support of Juan Garza's campaign. I was also a member of the Webb County Sheriff's Association (CLEAR), which endorsed the candidacy of Juan Garza.

(Defs.' Ex. 1B.)

The Court finds that the answers provided by Plaintiffs Jesus Dominguez and Samuel Rubio, Jr. appropriately address the Interrogatory. As such, Plaintiffs Dominguez and Rubio are not compelled to address further this Interrogatory.

f.      **Interrogatory:** Describe Plaintiff's educational background.

Defendants argue that Plaintiffs Jesus Dominguez, Eduardo Garcia, Rodolfo Gonzalez, Jr., Carmen Maldonado, Ana L. McCoy, and Jorge Moreno, Jr., Jesse N. Siegel, Jesus Villanueva, and Ricardo B. Walker failed to respond to this Interrogatory. (Defs.' Mot. to Compel ¶ 7(vi).) In their answers, Plaintiffs object to the Interrogatory as "overly broad" and "not relevant to the parties' claims or defenses." In addition, Plaintiffs claim that Defendants' request is "unduly burdensome" since Plaintiffs already produced their educational histories for Defendants in response to their Requests for Production. Plaintiffs contend that the histories were taken by Webb County when Plaintiffs were hired to work for the County. Also, all Plaintiffs ended their answers with the incomplete sentence: "plaintiff's highest level of educational attainment was..." (*See* Defs.' Ex. 1B.)

The Court rejects Plaintiffs' objection that their educational background is irrelevant. The

9

issue of educational attainment is relevant to explaining Defendants' adverse employment action against Plaintiffs. However, the Interrogatory is slightly vague. As such, to answer the Interrogatory, the nine aforementioned plaintiffs are ordered to provide (1) the highest level of academic education attained, (2) any professional training acquired, and (3) the respective time periods for each event.

        g.      **Interrogatory:** State whether Plaintiff was ever investigated by any agency for any wrongdoing or violation within the Webb County Sheriff's Department during his/her employment there and the dates of such investigations.

Defendants argue that Plaintiffs Jesus Dominguez, Carmen Maldonado, Jorge Moreno, Jr., Samuel Rubio, Jr., and Ricardo B. Walker failed to respond to this Interrogatory by referring Defendants to nonexisting DWQs. (Defs.' Mot. to Compel ¶ 7(vi).)[2] In their answers, Plaintiffs object to the Interrogatory as being "overbroad," "not reasonably restricted in time," "unduly burdensome," and calling for speculation regarding matters outside of personal knowledge. (*See* Defs.' Ex. 1B.) Plaintiff Samuel Rubio, Jr. further provided the response: "not to my knowledge." *Id.*

The Court overrules Plaintiffs' objections. The Interrogatory is relevant to both parties' claims. In addition, the question only calls for factual answers that would be within Plaintiffs' personal knowledge. As such, Plaintiffs Jesus Dominguez, Carmen Maldonado, Jorge Moreno, Jr., and Ricardo Walker are ordered to provide a complete answer to the question. Plaintiff Rubio responded to the Interrogatory by stating that he had not been investigated to his knowledge, and is not required to supplement his answer.

        h.      **Interrogatory:** If Plaintiff was ever suspended from duty at the Webb County Sheriff's Department, state the nature of each suspension and the dates Plaintiff was suspended from duty.

Defendants argue that Plaintiffs Jesus Dominguez, Carmen Maldonado, Jorge Moreno, Jr., Samuel Rubio, and Ricardo Walker failed to respond to this Interrogatory. (Defs.' Mot. to Compel ¶ 7(vii).) The record indicates that Plaintiffs Dominguez, Maldonado, and Moreno referred Defendants to their DWQs. (*See* Defs.' Ex. 1B.) However, none of these Plaintiffs returned their DWQs. In addition, Plaintiff Rubio responded by explaining that she had been suspended for three days for being absent by the Jail Administrator. However, Plaintiff Rubio did not list the dates of suspension from duty. Furthermore, Plaintiff Walker did not respond to the Interrogatory at all. *See id.*

Plaintiffs Jesus Dominguez, Carmen Maldonado, Jorge Moreno, Jr., Samuel Rubio, and

---

[2] The Court notes that Defendants have misnumbered the sequence of their arguments in their Motion to Compel. However, for the purpose of maintaining citation accuracy, the Court will cite to the Motion to Compel in the manner outlined by Defendants.

Ricardo Walker are ordered to respond to the Interrogatory by indicating whether they have ever been suspended from duty at the Webb County Sheriff's Department. If so, they must further state the nature of the suspension and provide the dates of suspension from duty.

> i. **Interrogatory:** State with particularity how Plaintiff has suffered physical pain, mental anguish and or emotional distress. Include in your response for each: (a) any treating therapist, counselor or physician Plaintiff has seen; (b) any medications Plaintiff is taking as a result of said mental anguish; (c) all physical affects Plaintiff has suffered as a result of said mental anguish; (d) all mental affects Plaintiff has suffered as a result of said mental anguish.

The record shows that Plaintiffs Jesus Dominguez, Carmen Maldonado, and Jorge Moreno, Jr. referred Defendants to their responses to the DWQs. (*See* Defs.' Ex. 1B.) However, those Plaintiffs did not provide answers to DWQs. Also, in their responses to the Interrogatory, Plaintiffs Maldonado and Moreno further replied that they did not seek medical treatment for their emotional distress because they were uninsured and employed and could not afford treatment. *Id*. These responses, however, do not answer the Interrogatory, which also asks Plaintiffs to describe any physical pain or emotional distress suffered as a result of the mental anguish. In addition, Plaintiff Ricardo Walker failed to respond to the Interrogatory.

Since the Interrogatory is relevant to the issue of mitigation of injury, Plaintiffs Jesus Dominguez, Carmen Maldonado, Jorge Moreno, Jr., and Ricardo Walker are ordered to respond appropriately to the Interrogatory.

> j. **Interrogatory:** State the nature of Plaintiff's employment with Sheriff Juan Garza, including a detailed job description and a complete list of the physical, mental, and other skills necessary to perform all required job tasks.

Defendants contend that Plaintiffs Marco Dominguez, Carmen Maldonado, Jorge Moreno, Jr., and Ricardo Walker failed to answer the Interrogatory. (Defs.' Mot. to Compel ¶ 7(ix).) The record indicates that Plaintiffs Dominguez and Walker left blank the answer to the Interrogatory. (*See* Defs.' Ex. 1B.) Also, Plaintiffs Maldonado and Moreno referred Defendants to Plaintiffs' responses to DWQs. However, Plaintiffs Maldonado and Moreno did not provide responses to DWQs. *See id*.

Plaintiffs Marco Dominguez, Carmen Maldonado, Jorge Moreno, Jr., and Ricardo Walker are ordered to respond appropriately to the Interrogatory.

> k. **Interrogatory:** State with particularity all activities Plaintiff claims constituted the "open and notorious" support of Sheriff Juan Garza.

Defendants contend that Plaintiffs Carmen Maldonado, Jorge Moreno, Jr., and Ricardo B.

Walker failed to respond to this Interrogatory. Specifically, Defendants argue that Plaintiffs referred Defendants to Plaintiffs' responses to DWQs, which were not returned. (Defs.' Mot. to Compel ¶ 7(x).) Plaintiffs do not address this issue in their Response. In their answers, all three plaintiffs objected to the Interrogatory because it was "overly broad," called for "marshalling of evidence," and inquired into work product prepared in anticipation of litigation. (Defs.' Ex. 1B.) All the plaintiffs also refer Defendants to discovery responses. *Id*.

The Court overrules Plaintiffs' objections. The Interrogatory addresses an issue relevant to Plaintiffs' claims. Plaintiffs' general reference to other discovery responses is not an appropriate answer. In addition, the subject Interrogatory on its face seeks factual information. It does not appear that answers to this Interrogatory would require revelations of work product. Therefore, Plaintiffs' objections in their Answers are overruled.

Plaintiffs Carmen Maldonado, Jorge Moreno, Jr., and Ricardo B. Walker are ordered to provide a complete answer to this Interrogatory to the extent that the information requested does not contain the mental impressions, conclusions, opinions, or legal theory of Plaintiffs' attorneys or representatives.

ii.   *Verifying Answers to Interrogatories*

Defendants further contend that fourteen plaintiffs have failed to sign or verify their answers to the interrogatories. (Defs.' Mot. to Compel ¶ 8.) Plaintiffs do not deny this allegation in their Response. Instead, Plaintiffs attach copies of ten signature pages, and also move the Court for leave to serve the verification signatures. (Pls.' Resp. ¶ 5.)

The verification signatures provided by Plaintiffs include the signatures of only eight out of the fourteen plaintiffs allegedly missing verified answers. (*See* Attachments to Pls.' Resp.) As such, the following fourteen plaintiffs are ordered to serve to Defendants their verification signatures for their answers to Interrogatories:

| Jesus Dominguez | Marco Dominguez | Eduardo Garcia |
| Rodolfo Gonzalez, Jr. | Carmen Maldonado | Joseph Henry Martinez |
| Leticia Martinez | Ana L. McCoy | Jorge Moreno, Jr. |
| Esteban Paez, Sr. | Samuel Rubio, Jr. | Jesse N. Siegel |
| Jesus Villanueva | Ricardo B. Walker | |

C.   Requests for Admission

i.   **Request for Admission:** The Webb County Sheriff's Department did not, and does not, have civil service protection.

Defendants contend that all fifty Plaintiffs provided invalid responses to the request by stating: "Unable to admit or deny, therefore, DENIED." (Defs.' Mot. to Compel ¶ 9(i) and Defs.' Ex. 1C.) Plaintiffs counter that Defendants' request asks for an irrelevant issue and alleges that it

12

is an abuse of the discovery tool. (Pls.' Resp. ¶ 15.) Defendants' contention that the response is invalid is overruled. The Court holds that the request for admission is relevant to the parties' claims. Furthermore, all fifty Plaintiffs sufficiently responded by denying the request for admission. Plaintiffs are not required to respond further to this Interrogatory.

> ii. **Request for Admission:** All personnel employed by the Sheriff's Department serve at the pleasure of the Sheriff and are "at will" employees under the Texas Government Code.

Defendants argue that all fifty Plaintiffs provided invalid objections to the request for admission. (Defs.' Mot. to Compel ¶ 9(ii).) Plaintiffs object to this request because "at-will" status is irrelevant to Plaintiffs' claim and the request called for a "pure conclusion of law." (Pls.' Resp. ¶ 16.) Federal Rule of Civil Procedure 36 allows litigants to request admissions to a broad range of matters, including ultimate facts and applications of law to fact. Fed. R. Civ. P. 36(a); *In re: Carney v. Internal Revenue Service*, 258 F.3d 415, 419 (5th Cir. 2001). However, requests for admission cannot be used to compel an admission of a conclusion of law. *See In re: Carney*, 258 F.3d at 419 (citing *Playboy Enterprises, Inc. v. Welles*, 60 F. Supp. 2d. 1050, 1057 (S.D. Cal. 1999)).

The Court holds that this request is relevant to Defendants' claims. However, since the request for admission asks Plaintiffs to apply the legal definition of "at-will" under state law, such a request inappropriately asks for a conclusion of law. Plaintiffs' objection is upheld and Plaintiffs are not required to respond to this request for admission.

> iii. **Request for Admission:** Plaintiff received unsatisfactory job performance reviews while working for the Webb County Sheriff's Department.

Defendants contend that Plaintiffs Jesus Dominguez, Carmen Maldonado, Jorge Moreno, Jr., Samuel Rubio, and Ricardo B. Walker failed to answer this request by referring Defendants to nonexisting responses to DWQs. (Defs.' Mot. to Compel ¶ 9(iii).) Plaintiffs counter in their Response that they have answered substantially the same question in the written deposition questions. (Pls.' Response ¶ 19.) However, Plaintiffs do not address the issue of missing responses to DWQs for the specifically named plaintiffs. The record indicates that the responses to DWQs for those five plaintiffs are missing. (*See* Defs.' Ex. 1C.)

Federal Rule of Civil Procedure 36(a)  provides that

> the matter [of which an admission is requested] is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to that matter, signed by the party or by the party's attorney.

13

Therefore, if a request for admission remains unanswered, with no objection lodged, for more than thirty days after service of the request, it is deemed admitted. Fed. R. Civ. P. 36(a). Based on the record and the plain language of Rule 36(a), and unless Plaintiffs can show otherwise, the Court finds that Plaintiffs Jesus Dominguez, Carmen Maldonado, Jorge Moreno, Jr., Samuel Rubio, and Ricardo B. Walker have failed to respond timely and are deemed to have ADMITTED to this request for admission.

> iv.   **Request for Admission:** Plaintiff received negative performance reviews and evaluations during the course of his/her employment with the Webb County Sheriff's Department before the speech in question occurred.

Defendants contend that Plaintiffs Jesus Dominguez, Carmen Maldonado, Jorge Moreno, Jr., Samuel Rubio, and Ricardo B. Walker failed to answer this request by referring Defendants to nonexisting responses to DWQs. (Defs.' Mot. to Compel ¶ 9(iv).) Plaintiffs counter in their Response that they have answered substantially the same question in the written deposition questions. (Pls.' Resp. ¶ 20.) However, Plaintiffs do not address the issue of missing responses to DWQs for the specifically named plaintiffs. The record indicates that the DWQs for those five plaintiffs are missing. (*See* Defs.' Ex. 1A.)

Based on the record and the plain language of Rule 36(a), and unless Plaintiffs can show otherwise, the Court finds that Plaintiffs Jesus Dominguez, Carmen Maldonado, Jorge Moreno, Jr., Samuel Rubio, and Ricardo B. Walker have failed to respond timely and are deemed to have ADMITTED to this request for admission.

> v.   **Request for Admission:** Plaintiff violated rules, regulations and/or policies during his/her employment with the Webb County Sheriff's Department.

Defendants contend that Plaintiffs Jesus Dominguez, Carmen Maldonado, Jorge Moreno, Jr., Samuel Rubio, and Ricardo B. Walker failed to answer this request by referring Defendants to nonexisting responses to DWQs. (Defs.' Mot. to Compel ¶ 9(v).) Plaintiffs counter in their Response that they have answered substantially the same question in the written deposition questions. (Pls.' Response ¶ 21.) However, Plaintiffs do not address the issue of missing responses to DWQs for the specifically named plaintiffs. The record indicates that the DWQs for those five plaintiffs are missing. (*See* Defs.' Ex. 1A.)

Based on the record and the plain language of Rule 36(a), and unless Plaintiffs can show otherwise, the Court finds that Plaintiffs Jesus Dominguez, Carmen Maldonado, Jorge Moreno, Jr., Samuel Rubio, and Ricardo B. Walker have failed to respond timely and are deemed to have ADMITTED to this request for admission.

> vi.   **Request for Admission:** Plaintiff had disciplinary conduct taken against him/her before the speech in question occurred.

Defendants contend that Plaintiffs Jesus Dominguez, Carmen Maldonado, Jorge Moreno, Jr.,

Samuel Rubio, and Ricardo B. Walker failed to answer this request by referring Defendants to nonexisting responses to DWQs. (Defs.' Mot. to Compel ¶ 9(vi).) Plaintiffs counter in their Response that they have answered substantially the same question in the written deposition questions. (Pls.' Resp. ¶ 22.) However, Plaintiffs do not address the issue of missing responses to DWQs for the specifically named plaintiffs. The record indicates that the DWQs for those five plaintiffs are missing. (*See* Defs.' Ex. 1A.)

Based on the record and the plain language of Rule 36(a), and unless Plaintiffs can show otherwise, the Court finds that Plaintiffs Jesus Dominguez, Carmen Maldonado, Jorge Moreno, Jr., Samuel Rubio, and Ricardo B. Walker have failed to respond timely and are deemed to have ADMITTED to this request for admission.

> vii.   **Request for Admission:** Plaintiff did not receive merit pay increases during his/her employment with the Webb County Sheriff's Department.

Defendants contend that Plaintiffs Jesus Dominguez, Carmen Maldonado, Jorge Moreno, Jr., Samuel Rubio, and Ricardo B. Walker failed to answer this request by referring Defendants to nonexisting responses to DWQs. (Defs.' Mot. to Compel ¶ 9(vii).) Plaintiffs counter in their Response that they have answered substantially the same question in the written deposition questions. (Pls.' Resp. 23.) However, Plaintiffs do not address the issue of missing responses to DWQs for the specifically named plaintiffs. The record indicates that the DWQs for those five plaintiffs are missing.

Based on the record and the plain language of Rule 36(a), and unless Plaintiffs can show otherwise, the Court finds that Plaintiffs Jesus Dominguez, Carmen Maldonado, Jorge Moreno, Jr., Samuel Rubio, and Ricardo B. Walker have failed to respond timely and are deemed to have ADMITTED to this request for admission.

> viii.   **Request for Admission:** Plaintiff was an at-will employee when working at the Webb County Sheriff's Department.

All fifty Plaintiffs objected to this request because they claimed that it called for a "pure conclusion of law" and argued that the at-will employment status was irrelevant to Plaintiffs' First Amendment claim. (Defs.' Ex. 1C.) Defendants contend that the objection is invalid because a party may seek admission of any relevant matter. (Defs.' Mot. to Compel ¶ 9(viii).) The Court rejects Plaintiffs' argument of irrelevance since the request for admission is related to Defendants' claims. However, relevant requests for admissions cannot ask for conclusions of law. *See In re: Carney*, 258 F.3d at 419. Here, Defendants are asking Plaintiffs to admit or deny whether they themselves were "at-will" employees, a term that has a specific legal definition under Texas state law.

Since the question asks for a legal conclusion, Plaintiffs' objection is upheld and Plaintiffs do not have to respond to the request for admission.

> ix. **Request for Admission:** Plaintiff did not complain about a retaliatory firing in his/her complaint to the Equal Opportunity Employment Commission.

All fifty Plaintiffs did not respond to this request and, instead, objected to the relevance of the request to Plaintiffs' First Amendment claim since the EEOC does not have jurisdiction over First Amendment retaliation claims. (Defs.' Mot. to Compel ¶ 22.) Defendants argue relevance by indicating that Plaintiffs' failure to complain about retaliatory firing in their EEOC complaint filed before the current lawsuit is impeachment evidence. *Id*.

The request for admission is relevant to the parties' claim since the existence of such an EEOC complaint would support Plaintiffs' claim that a retaliatory firing occurred. As such, all Plaintiffs are ordered to answer this request for admission.

> x. **Request for Admission 25 to Plaintiff Soraya Canavati**

Plaintiff Soraya Canavati's Request for Admission 25 reads: "Plaintiff had disciplinary conduct taken against him/her before the speech in question occurred." Defendants object to Plaintiff Soraya Canavati's subsequent response: "ADMIT, but DENIED that the disciplinary conduct (sic) was a motivating factor in defendants' adverse employment action against plaintiff." (Defs.' Mot. to Compel ¶ 9(x); Defs' Ex. 1C.) Specifically, Defendants argue that the response is invalid and uses language from a Ninth Circuit case to characterize the answer as seeking "to evade disclosure by quibbling and objection." (Defs.' Mot. to Compel ¶ 9(x).) However, Plaintiffs contend that Canavati was simply making a good faith qualification by specifically denying that the said discipline had anything to do with her termination. (Pls.' Resp. ¶ 30.)

Federal Rule of Civil Procedure 36(a) is explicit that:

> [a] denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as true and qualify or deny the remainder.

Here, Plaintiff Canavati clearly admitted to the request, but then made a good faith qualification by explaining that the disciplinary conduct was a motivating factor in Defendant's adverse employment action. Defendants' motion to compel as to this request for admission is denied.

> xi. **Request for Admission 29 to Plaintiff Mario Davila**

Plaintiff Mario Davila's Request for Admission 29 reads: "Plaintiff retired from the Webb County Sheriff's Department." (Defs.' Ex. 1C.) Defendants object to Plaintiff Davila's response: "DENIED that any retirement was voluntary." Specifically, Defendants argue that the answer is unresponsive because it does not specifically deny or admit to the request. (Defs.' Mot. to Compel ¶ 9(xi).)

Plaintiff Mario Davila's response denies that he voluntarily retired, but suggests that his retirement was involuntary. However, the request clearly asks whether Plaintiff Davila retired, not whether that retirement was voluntary. As such, Plaintiff's response was unresponsive. Plaintiff Mario Davila is ordered to respond to the request for admission that is asked.

### xii. **Request for Admission 31 to Plaintiff Mario Davila**

Plaintiff Mario Davila's Request for Admission 31 reads: "Plaintiff refused to allow his name to be put on offense reports prior to the speech made the basis of the lawsuit." (Defs.' Ex. 1C. ) Defendants object to Plaintiff Davila's response: "Objection. Vague and unintelligible. Denied that plaintiff improperly refused to allow his name be put on offense reports, except as may be indicated by Plaintiff's personnel file produced by Defendants." *Id*. Defendants argue that the answer is unresponsive and invalid because it does not specifically deny or admit the request. (Defs.' Mot. to Compel ¶ 9(xii).)

Defendant's Request for Admission 31 to Plaintiff Davila is difficult to understand. As such, Plaintiff's objection of vagueness is valid. Also, despite his objection, Plaintiff Davila clearly responded to the request with a denial that he refused to allow his name to be placed on offense reports. He further included a good faith qualification to his denial. Since Plaintiff Mario Davila has provided a valid response to the request, Defendants' motion to compel as to Request for Admission 31 to Plaintiff Mario Davila is denied.[3]

### D.     Request for Production

Defendants seek the production of Plaintiffs' medical records over the past ten years, including those related to Plaintiffs' mental, physical, and emotional condition. (Defs.' Mot. to Compel ¶ 10.) Plaintiffs argue that they have produced for Defendants their personnel records with the Texas Commission on Law Enforcement Officer Standards and Education (TCLEOSE), which they allege are relevant and discoverable. (Pls.' Resp. ¶ 32.) Furthermore, Plaintiffs contend that they are not seeking recovery for any medical expense as a remedy in this case. Defendants counter that Plaintiffs have not produced the TCLEOSE records. (Defs.' Reply ¶ 16.)

Federal Rule of Civil Procedure 34(a) provides that a party responding to a request for

---

[3] In their Response, Plaintiffs also argue issues related to several requests for admission that were not addressed in Defendants' Motion to Compel. (*See* Pls.' Resp. ¶¶ 17-18, 24-27.) Since Plaintiffs have failed to show the relevance of these arguments in relation to Defendants' Motion to Compel, the Court disregards these contentions.

production is required only to produce those materials "within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a). This production obligation may extend to materials that a party has a legal right to obtain, even though it has no copy, and to materials in the possession of employees or related entities, 8A C. Wright, A. Miller, R. Lucas, *Federal Practice and Procedure* § 2210 at 397-405 (West 1994).

Defendants' request to produce Plaintiffs' medical histories over the last ten years is highly relevant to Plaintiffs' claims for damages and remedy. Contrary to their assertion, Plaintiffs clearly state in the Third Amended Complaint that they are seeking to recover medical expenses. Specifically, Plaintiffs claim recovery for actual damages, including "(a) injury to earning capacity, past and future; (b) physical pain, mental anguish, and emotional distress, past and future; (c) medical expense, past and future; and (d) attorneys' fees and litigation expenses." (Pls.' Third Amended Compl. ¶ 67.) Hence, Plaintiffs also allege certain physical and mental conditions that did not exist before the filing of this lawsuit. Since Plaintiffs range in the number of years worked in the Webb County Sheriff's Department, it is reasonable for Defendants to request Plaintiffs' medical histories over a ten-year time span. These documents are also within Plaintiffs' control. Furthermore, producing Plaintiffs' personnel records, which include medical histories, is insufficient for those Plaintiffs that have worked with the County for fewer than ten years.

Therefore, all Plaintiffs are ordered to produce their medical histories over the last ten years. For those Plaintiffs who have worked with the County for at least ten years, they may produce their TCLEOSE records.

**II.    Defendants' Request for Sanctions**

Defendants also request sanctions in the amount of $4,000.00 under Federal Rule of Civil

Procedure 37(a)(4)(A), which provides in part:

> If the motion [to compel] is granted . . . the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Defendants' counsel states that she attempted, on several occasions, to resolve with Plaintiffs' counsel the discovery disputes that are the subject to the present motion. Defendants' counsel provides documentation of email and letter exchanges with Plaintiffs' counsel regarding this matter from April to June 2007. (*See* Defs.' Mot. to Compel, Ex. 4.) On the basis of this evidence, it appears that Defendants' counsel first made a good faith effort to obtain discovery before resorting to court action. However, there is conflicting evidence in the record regarding the circumstances surrounding Plaintiffs' failure to comply with discovery requests. As such, at this time, the Court finds that awarding Defendants sanctions would be unjust. Defendants' request for sanctions is hereby DENIED. However, if the Court receives additional notice of Plaintiffs' failure to comply with discovery, the Court will reexamine the possibility of sanctions.

### III.   Defendants' Motion for Extension of Scheduling Order Deadlines

Because of the voluminous amount of discovery in this case, and the delay in receiving the discovery compelled above, Defendants seek to extend several deadlines. The parties had a status conference with Judge Alvarez on August 14, 2007 during which multiple deadlines were extended, including Defendants' deadline for filing a motion for summary judgment. Hence, Defendants' First Amended Motion for Extension of Scheduling Order Deadlines [Doc. No. 104] is hereby DENIED AS MOOT.

IT IS SO ORDERED.

    DONE at Laredo, Texas, this 16th day of October, 2007.

_____
Adriana Arce-Flores
United States Magistrate Judge