O

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### LAREDO DIVISION

| | | |
|---|---|---|
| MARICELA ARREDONDO, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | Civil Action No. L-05-191 |
| | § | |
| RICK FLORES, Sheriff of Webb County, Texas, et al., | § § § | |
| | § | |
| Defendants. | § | |

# **O R D E R**

Pending before this Court is Defendants' Motion to Strike Plaintiffs' Pleadings and Responses and Motion for Sanctions for Failure to Comply with Court Order ("Motion to Strike and for Sanctions") and First Amended Motion for Sanctions for Plaintiffs' Failure to Comply with Court Order ("First Amended Motion for Sanctions") [Doc. Nos. 122, 136].  Plaintiffs filed responses to both motions [Doc. Nos. 131, 139].[1]  Defendants also submitted a reply to Plaintiffs' Response to Motion for Sanctions [Doc. No. 133], to which Plaintiffs filed a sur-response [Doc. No. 134].  The Court heard oral arguments for both motions on February 19, 2008 ("Hearing").  IT IS HEREBY ORDERED that Defendants' Motion to Strike and for Sanctions and First Amended Motion for Sanctions [Doc. Nos. 122, 136] are GRANTED IN PART and DENIED IN PART.

**I.     Motion to Strike and for Sanctions**

---

[1] The Court notes that Plaintiffs' Response to Defendants' Motion to Strike and for Sanctions was filed in an untimely manner – eleven days after the Motion Docket Date.  [*See* Doc. No. 131; S.D. Tex. Loc. R. 7.3].

A.     Background

On October 16, 2007, this Court granted in part and denied in part Defendants' Motion to Compel Plaintiffs to Respond to Defendants' First Request for Production, Admissions, Interrogatories, and Depositions on Written Question ("Motion to Compel") [Doc. No. 118]. Defendants contend that Plaintiffs failed to comply with that Court Order, thereby prejudicing Defendants' ability to meet Court-ordered deadlines and to prepare properly for their defense. [Doc. No. 122-2 ¶ 5, p. 2]. In addition, Defendants claim that Plaintiffs have intentionally misled both Defense counsel and the Court to believe that the claimants had fully complied when, in fact, the Plaintiffs knew they had not. *Id*. Defendants, therefore, request the Court to sanction Plaintiffs for their alleged "contumacious conduct." *Id*. Furthermore, Defendants argue that they should be awarded $7,500.00 in attorney's fees as the reasonable and necessary fees associated with Defendants' Motion to Compel and Motion to Strike and for Sanctions.[2] *Id*. ¶ 8(c), p. 11.

B.     Analysis

1.     *Plaintiffs' Failure to Comply with Court Order*

Defendants claim that the Court should award sanctions because Plaintiffs have failed to comply with discovery requirements outlined in the Court Order executed on October 16, 2007 ("Prior Order"). The Court will address each contention in turn.

a.     **Verified Answers to Depositions on Written Question**

The Court had required Plaintiffs Jesus Dominguez, Carmen Maldonado, Jorge Moreno,

---

[2] The Court acknowledges that Defendants have requested additional monetary sanctions in the First Amended Motion for Sanctions. Defendants' request is addressed in Subsection II(B)(2) of this order.

Jr., Samuel Rubio, Jr., and Ricardo B. Walker to serve their verified answers to the Depositions on Written Question ("DWQs") to Defendants within twenty days (20) of the Prior Order. [Doc. No. 118 ¶ I(A)(i)]. In the Motion to Strike and for Sanctions, Defendants contend that those plaintiffs still have not served verified answers on DWQs, but, instead, have stonewalled the Court and Defendants for 230 days and directed Defense counsel to search through documents that Plaintiffs knew did not contain the requested information. [Doc. No. 122-2 ¶ 8(a)(i), pp. 3-5]. Plaintiffs did not respond to the allegation. Instead, they only stated that Plaintiff Jesus Dominguez intended to execute a stipulation of dismissal with prejudice. [Doc. No. 139 ¶ 3].

During the Hearing, Defense counsel further argued that Plaintiffs should be sanctioned because the claimants' attorney knew for eight months that Plaintiff Jesus Dominguez had a frivolous lawsuit, but failed to notify Defense counsel. Plaintiff's counsel did not directly address the allegation, and merely responded that he had prepared a stipulation for dismissal and was waiting for Plaintiff Jesus Dominguez to sign it. In addition, Defendants informed the Court that Plaintiffs Rubio and Walker had, as part of the Response to the Motion to Compel submitted on July 5, 2007, asked the Court for leave to submit copies of their verified answers to DWQs. [*See* Doc. No. 106-3]. Defendants, however, maintained that the verified signatures for Plaintiffs Maldonado and Moreno were still missing. Counsel for Plaintiffs did not respond to these contentions. Upon further questioning by the Court, Plaintiffs' attorney admitted that he was having trouble controlling some of the clients in this case.

Based on the foregoing arguments, the Court orders Plaintiff Jesus Dominguez to file a stipulation of dismissal with prejudice within ten (10) days of this order. If Plaintiff Dominguez does not file the stipulation within the given time frame, the Court will consider additional

sanctions.  The Court also will accept as late service upon Defendants the copies of Plaintiffs Rubio's and Walker's verified answers to DWQs, as attached to the Response to the Motion to Compel.  [*See* Doc. No. 106-3].  However, since Plaintiffs Maldonado and Moreno have neither submitted their verified answers nor provided an acceptable reason for the gross delay in doing so, the Court hereby STRIKES from the record the answers to the DWQs of Plaintiffs Carmen Maldonado and Jorge Moreno, Jr.  *See* Fed. R. Civ. P. 37(b)(2)(A)(iii).

### b.     Sworn Verification to Depositions on Written Request

In the Prior Order, the Court also had required Plaintiff Homero S. Rangel to serve Defendants his sworn verification to the answers to the DWQs.  [Doc. No. 118 ¶ I(A)(ii)].  Defendants argue that Plaintiff Rangel has failed to serve the sworn verification and, therefore, request that the Court strike Rangel's answers to DWQs. [Doc. No. 122-2 ¶ 8(a)(ii), pp. 5-6].  Plaintiffs counter by maintaining that it would be unjust to strike Defendant Rangel's answers to DWQs since he died during the course of the litigation and his widow, as representative of his estate, could not answer DWQs for which she did not have personal knowledge.  [Doc. No. 131 ¶ 6].  At the Hearing, Defense counsel indicated that Plaintiffs' counsel had attached to the Response to the Motion to Compel a sworn signature page by Yolanda Rangel, the estate representative for Plaintiff Rangel.  [*See* Doc. No. 106-3].

The Court does not see the relevancy of the arguments made by Plaintiffs' counsel regarding the inability to produce a timely sworn verification for Plaintiff Rangel.  Those contentions are particularly baffling since Plaintiff Rangel was able to produce a copy of the verified signature page in response to the Motion to Compel on July 5, 2007.   As such, this Court will hereby accept as late service upon Defendants the sworn verification of Plaintiff

Rangel's representative as attached in Plaintiffs' Response to the Motion to Compel. [*See* Doc. No. 106-3].

### c.     **Answers to DWQ #21**

On October 16, 2007, the Court also had ordered Plaintiffs Marco Dominguez, Manuel F. Gaytan, and Homero S. Rangel to serve Defendants their answers to DWQ #21, which asked: "Have you applied for any employment since you were not rehired by Webb County Sheriff Rick Flores?  If so, please list the dates and the employment for which you applied." [Doc. No. 118 ¶ I(A)(iv)(c)(3)].  Defendants argue that those plaintiffs have yet to provide answers to the DWQs. [Doc. No. 122-2 ¶ 8(a)(iii), pp. 6-7].  At the Hearing, counsel for Plaintiffs stated that Plaintiff Rangel died during litigation and, therefore, was unable to apply for alternative employment. Furthermore, Plaintiffs' attorney admitted that the claimants Marco Dominguez and Manuel F. Gaytan did not respond to questions regarding their efforts to obtain employment to mitigate their damages. [Doc. No. 131 ¶ 7].  Counsel for Plaintiffs assured the Court that these plaintiffs would not seek to prove injury to their future earning capacity without seeking additional leave of court to supplement discovery responses.  *Id*.

This Court will accept the response made by Plaintiffs' counsel during the Hearing as Plaintiff Homero Rangel's response to DWQ #21.  Furthermore, Plaintiffs Marco Dominguez and Manuel F. Gaytan have ten (10) days from this order to serve Defendants their answers to DWQ #21.  If these plaintiffs do not provide the answers within the given time frame, the Court will not permit Plaintiffs Marco Dominguez and Gaytan to use their efforts to obtain employment as evidence to support their claims or defenses.  *See* Fed. R. Civ. P. 37(b)(2)(A)(ii). In addition, if Plaintiffs fail to comply, the Court will automatically strike any further attempts

by Plaintiffs to supplement their answers.

                d.      **Responses to Interrogatories**

In the Prior Order, this Court further had ordered Plaintiffs to comply with various Interrogatory requests made by Defendants. [*See* Doc. No. 118 ¶¶ I(B)(i)(a) - (k)]. Defendants maintain that Plaintiffs Jesus Dominguez, Carmen Maldonado, Jorge Moreno, Jr., and Ricardo B. Walker did not respond to the Interrogatories as required by the Court. [Doc. Nos. 122-2 ¶ 8(a)(iv), p. 7]. Plaintiffs reply that Jesus Dominguez plans to execute a stipulation of dismissal with prejudice. [Doc. No. 139 ¶ 3]. In addition, counsel for Plaintiffs state that their failure to comply is not willful nor in bad faith. Plaintiffs' attorneys also claim that they have not given up in their efforts to obtain the desired discovery responses from Plaintiffs, and would approach the Court with the appropriate request for leave when the responses are obtained. [Doc. No. 131 ¶ 8].

The Court orders Plaintiff Jesus Dominguez to file a stipulation of dismissal with prejudice within ten (10) days of this order. In addition, since Plaintiffs Maldonado, Moreno, and Walker have neither submitted their answers to Interrogatories nor provided an acceptable reason for the gross delay in doing so, the Court hereby STRIKES from the record the answers to Interrogatories of Plaintiffs Maldonado, Moreno, and Walker and further prohibits them from supplementing the responses to the Interrogatories. *See* Fed. R. Civ. P. 37(b)(2)(A)(iii).

                e.      **Verified Answers to Interrogatories**

Defendants further complain that Plaintiff Marco Dominguez has not served his verified signature for the answers to the Interrogatories. [Doc. No. 122-2 ¶ 8(a)(v), p. 8]. During the Hearing, however, Defense counsel updated the Court that Plaintiff's attorney had attached

Marco Dominguez's verified signature page to the Response to Defendants' First Amended Motion for Sanctions.  [*See* Doc. No. 139 ¶ 7].  Plaintiffs argued that the verified signature had been previously served to Defendants.  The Court will hereby accept as late service upon Defendants the copy of Plaintiff Marco Dominguez's verified signature page for the answers to Interrogatories, as attached to the Response to the First Amended Motion for Sanctions.

### f.     **Request for Admission**

In the Prior Order, the Court also had required all Plaintiffs to respond to the following Request for Admission: "Plaintiff did not complain about a retaliatory firing in his/her complaint to the Equal Employment Opportunity Commission."  [Doc. No. 118 ¶ I(C)(ix)].  Defendants contend that Plaintiffs Jesus Dominguez, Carmen Maldonado, Jorge Moreno, Jr., and Homero S. Rangel refused to answer this Request for Admission.  [Doc. No. 122-2 ¶ 8(a)(vi), pp. 8-9].  In turn, Plaintiffs disagree with the Court's order, which indicated that a failure to complain of retaliatory firing to the EEOC was proper impeachment evidence.  They argue that the EEOC does not have jurisdiction over retaliation claims related to First Amendment violations, and admission of such evidence for purposes of impeaching Plaintiffs would be highly prejudicial and confusing.  [Doc. No. 131 ¶¶ 9-13].  Nevertheless, all Plaintiffs also stipulate and judicially admit that they did not file, nor could they have filed, a proper complaint of First Amendment retaliation before the EEOC.  *Id*. ¶ 13.  At the Hearing, Defense counsel argued that the responses would be proper impeachment evidence for those Plaintiffs who reported age discrimination to the EEOC, but did not also allege retaliation.

Based on the parties' arguments, the Court hereby bars Defendants from using as evidence Plaintiffs' responses to this Request for Admission.  While it is possible that a few

plaintiffs who made an EEOC complaint claiming age discrimination could have also reported retaliation, the claimants in the instant action are solely alleging retaliation based on exercises of First Amendment rights. Since the EEOC does not have jurisdiction over First Amendment claims, it would not make sense for these plaintiffs to file EEOC complaints. As such, while the responses to this Request for Admission for some plaintiffs may be relevant, the probative value of the evidence as a whole is substantially outweighed by the danger of unfair prejudice to Plaintiffs, confusion of the issues, and misleading of the jury. *See* Fed. R. Evid. 403. The Court hereby excludes from evidence Plaintiffs' responses to this Request for Admission.

g.    **Production of Medical Records**

Previously, the Court had ordered Plaintiffs to produce their medical histories covering the last ten years. [Doc. No. 118 ¶ I(D)]. Defendants allege that thirty-three Plaintiffs have yet to produce their medical histories as required by the Court. [Doc. No. 122-2 ¶ 8(a)(vii), p. 9]. They contend that the medical histories are not contained in some of Plaintiffs' TCLEOSE records. Plaintiffs, in turn, argue that most of them are in substantial compliance with the Order because the Court allowed Plaintiffs who had been employed by the County for the last ten (10) years to produce their TCLEOSE records in response to the request for production. [Doc. No. 131 ¶ 5]. According to Plaintiffs, the TCLEOSE records for thirty-one Plaintiffs have been produced, and Plaintiffs' counsel are working towards obtaining the medical records for the remaining claimants. *Id.*

At the Hearing, Defendant's attorney provided sample copies of TCLEOSE records for three Plaintiffs, which the Court confirmed did not contain any medical information. Plaintiffs' counsel admits that he does not know what was included in the TCLEOSE records when they

were submitted to Defense counsel.  Plaintiffs propose that, for those claimants who have not produced their medical records, these individuals would not seek to prove any medical condition or expense alleged to have been caused by Defendants.

On October 16, 2007, the Court expressly ordered Plaintiffs to produce their medical histories covering the last ten years.  [*See* Doc. No. 118 ¶ I(D) "...all Plaintiffs are ordered to produce their medical histories over the last ten years."].  The Court then, with the understanding that the TCLEOSE records contained these medical histories, provided Plaintiffs some leeway by allowing those claimants who had worked with the County for at least ten years to produce their TCLEOSE records.  It is completely illogical for Plaintiffs to claim now that they have substantially complied with the Court's order because they submitted TCLEOSE records that do not include any medical information covering the last ten years.  In fact, Plaintiffs have manipulated the Court's intention and are further in direct contravention of the Court's prior mandate.

Based on the aforementioned arguments, the Court now bars those Plaintiffs who have not produced medical histories covering the last ten years from using that information to prove any claims or damages.  They are prohibited from introducing such information into evidence.  Within ten (10) days of this order, the parties must jointly provide to the Court a complete list of Plaintiffs who to this date have and have not produced to Defendants medical histories covering the last ten years.

       2.    *Monetary Sanctions*

Defendants request an award of monetary sanctions in the amount of $7,500 in attorney's fees as the reasonable and necessary fees associated with Defendants' Motion to Compel and

Motion to Strike and for Sanctions. [Doc. No. 122-2 ¶ 8(c)]. Plaintiffs respond that it would be unfair and prejudicial to punish all the claimants for the deficiencies of a few. They also claim that it would be unfair to punish Plaintiffs' counsel for their inability to control and motivate fewer than 10% of their clients, especially since they are working on a contingent fee basis and are advancing Plaintiffs' costs and expenses. [Doc. No. 131 ¶¶ 14(a) – (b)]. In addition, Plaintiffs highlight that Defendants' application for attorney's fees is deficient since there is no allegation of defense counsel's hourly rate nor a contemporaneous record of Defense counsel's time spent in connection with the discovery dispute that is the basis of the motion. *Id.* ¶ 14(c). In the Reply, Defense counsel attaches documentation regarding her hourly rate and a record of total time spent on the current discovery dispute.[3] [*See* Doc. Nos. 133-3, 133-4].

Furthermore, at the Hearing, Defense counsel argued that Plaintiffs' attorney never proposed any solutions during their multiple attempts to confer about Plaintiffs' failure to comply with the Court's discovery order. In addition, the attorney for the Defendants stated that opposing counsel was uncooperative and simply delayed matters with empty promises. Plaintiffs' attorney did not respond to the allegations at that time, but merely reasserted that the claimants would not use any discovery evidence not already submitted to Defendants to prove any claims and damages.

In the Order executed on October 16, 2007, the Court stated that, if it received notice of Plaintiffs' continued failure to comply with discovery requests, it would reexamine the possibility of sanctions. [Doc. No. 118 ¶ II]. Federal Rule of Civil Procedure 37(b)(2)(C)

---

[3] Defense counsel calculates that she has spent a total of forty (40) hours on this matter and has accrued $8,000.00 in reasonable and necessary attorney's fees. [*See* Doc. No. 133-4].

provides that the Court must order a party who fails to follow a discovery order, the attorney advising that party, or both, "to pay reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

Here, Defense counsel states that she has made several attempts to resolve the issues without court action. [Doc. No. 122-2 ¶ 4, p. 2]. In addition, she showed that the attorney for Plaintiffs has been uncooperative, not forthcoming, and has grossly delayed in responding to discovery for some of the claimants. While the Court is sympathetic to Plaintiffs' counsel who is working on a contingent fee basis and advancing expenses for the claimants, Plaintiffs have been given multiple opportunities to comply with discovery. Plaintiffs have neither substantially justified their repeated failures to disclose and respond to discovery nor demonstrated circumstances that would make an expenses award unjust. *See* Fed. R. Civ. P. 37(b)(2)(C). As such, Defendants' Motion for Sanctions is GRANTED IN PART and DENIED IN PART. While sanctions are appropriate against Plaintiffs for their failure to comply with discovery orders, the $7,500 amount requested by Defense counsel is excessive. The Court hereby orders monetary sanctions against Plaintiffs' attorney in the amount of $1,000.00 for Defense counsel's expenses and fees.

## II.   First Amended Motion for Sanctions

### A.   Background

Defendants also allege that Plaintiffs intentionally altered, created new responses, or offered unverified interrogatory responses in support of their Response to Summary Judgment to avoid an unfavorable summary judgment ruling and in violation of a court order and Federal

Rule of Civil Procedure 56(e).  [Doc. No. 136 ¶ 10(b), p. 4].  Federal Rule of Civil Procedure 56(e) provides that supporting or opposing affidavits for summary judgment be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated.  Here, Defendants argue that Plaintiffs have attached exhibits to their Response to Defendants' Motion for Summary Judgment that were either created and never before produced or were altered from their original production.  [Doc. No. 136 ¶ 10(b), p. 4].  As such, they contend that Plaintiffs should be cumulatively sanctioned in the amount of $9,000 as the reasonable and necessary fees associated with Defendants' Motion to Compel, Motion to Strike and for Sanctions, Defendants' Reply to Plaintiffs' Response to Defendants' Traditional Motion for Summary Judgment, and Defendants' First Amended Motion for Sanctions.  *Id.* ¶ 10(c), p. 8.

    B.    <u>Analysis</u>

        1.    *Discovery Issues*

First, this Court notes that Plaintiffs' discovery answers in Exhibit 3 of the Response to Defendants' Motion for Summary Judgment [Doc. No. 132-4, Ex. 3] are inadmissible on grounds of hearsay.  Exhibit 3 is comprised of the claimants' responses to various Interrogatories and Depositions on Written Question, illustrating their involvement in the Garza campaign .  *See id*.  Plaintiffs state that they are introducing those answers as direct evidence that they "were deeply and visibly involved in support of the Garza reelection campaign." [Doc. No. 132 ¶ 61].  Therefore, the claimants are offering in evidence their own out-of-court responses to prove the truth of the matter asserted, or hearsay statements for which there is no exception.  *See* Fed. R. Evid. 801 – 804.   Presently, Defendants' Summary Judgment Motion [Doc. No. 123] is pending

before the District Court.  Therefore,  the District Court will handle the admissibility issues associated with Exhibit 3.  The following analysis solely addresses Defendants' requests for sanctions against Plaintiffs based on their allegations of creating and altering discovery evidence.  The Court will address each contention in turn.

        a.       **Jesus Dominguez's Response to DWQ #10**

Defendants contend that Plaintiff Jesus Dominguez has not produced verified answers to DWQs.  Therefore, they have never seen Plaintiff Dominguez's response to DWQ #10, which is attached as an exhibit to the Response to Defendants' Motion for Summary Judgment.  [*See* Doc. No. 136 ¶ 10(b)(1), pp.  4-5, Ex. A; Doc. No. 132, Ex. 3, p. x].  Defense counsel also argues that this response by Plaintiff Dominguez was summarily created by Plaintiffs' counsel.  The Court hereby STRIKES Jesus Dominguez's response to DWQ #10 from the record.

        b.       **Samuel Rubio's Answer to Interrogatory #13 and Response to DWQ #10**

In the First Amended Motion for Sanctions, Defendants argue that they have never seen this answer and response by Plaintiff Rubio.  According to Defendants, the handwritten response to Interrogatory #13, presented as a summary judgment exhibit, is not the same response given to Defendants during discovery.  Furthermore, they claim that Plaintiff Rubio has never submitted verified answers to DWQs.  [Doc. No. 136 ¶ 10(b)(2), p. 5, Ex. B; Doc. No. 132, Ex. 3, p. xli-xlii].  During the Hearing, Defense counsel stated that she would "stand down" from pursuing sanctions on this issue and would accept as late service Plaintiff Rubio's answers to DWQs, as attached to Plaintiffs' Response to the Motion to Compel.  [*See* Doc. No. 106-3].  As such, Defendants' claims on this matter are MOOT.

        c.       **Ricardo Walker's Response to DWQ #10**

Defendants also complain that they have never seen Plaintiff Walker's response to DWQ #10 presented in the summary judgment exhibit since he had not disclosed any verified answers to DWQs during discovery. [Doc. No. 136 ¶ 10(b)(3), pp. 5-6, Ex. C; Doc. No. 132, Ex. 3, p. lii]. At the Hearing, Defense counsel stated that she would "stand down" from pursuing sanctions on this issue and would accept as late service Plaintiff Walker's answers to DWQs, as attached to Plaintiffs' Response to the Motion to Compel. [*See* Doc. No. 106-3]. As such, Defendants' allegation regarding this issue is MOOT.

d. **Homero S. Rangel's Response to DWQ #10**

Defendants further contend that Plaintiff Homero S. Rangel's response to DWQ #10 remains unverified, despite Court Order. [Doc. No. 136 ¶ 10(b)(4), p. 6, Ex. D; Doc. No. 132, Ex. 3, p. xxxix]. At the Hearing, Defense counsel said that she would "stand down" from pursuing sanctions on this issue and would accept as late service Plaintiff Rangel's verified signature page, which was attached as an exhibit to Plaintiffs' Response to the Motion to Compel. [*See* Doc. No. 106-3]. Therefore, Defendants' concern on this matter is MOOT.

e. **Marco Dominguez's Responses to Interrogatories**

Defendants object to Plaintiff Marco Dominguez's attempted use of several responses to Interrogatories, which Defense counsel contend are still unverified. [Doc. No. 136 ¶ 10(b)(5), p. 6, Ex. E; Doc. No. 132, Ex. 3, p. xi]. Plaintiffs counter that Plaintiff Marco Dominguez's verified signature was provided along with their summary judgment pleading as an exhibit. [Doc. No. 139 ¶ 7]. The Court will accept as late service upon Defendants the copy of Plaintiff Marco Dominguez's verified signature page for the answers to Interrogatories.

f. **Maricela Arredondo's Response to Interrogatory #13**

Defendants highlight that Plaintiff Maricela Arredondo attached as a summary judgment exhibit a typed response to Interrogatory #13, which Defense counsel argues was neither the same question nor response provided to Defendants. [Doc. No. 136 ¶ 10(b)(6), p. 6, Ex. F; Doc. No. 132, Ex. 3, p. ii]. Plaintiffs argue that the only difference between the summary judgment exhibit and the discovery response given to Defendants is the deletion of the discovery objection from the exhibit. [Doc. No. 139 ¶ 8]. Upon examining the record, the Court finds that Plaintiff Arredondo's two responses to Interrogatory #13 are largely the same. As such, Plaintiff Arredondo is not sanctioned for submitting the response to Interrogatory #13 as it appears in the summary judgment exhibit.

g. **Laura Garza's Response to Interrogatory #13**

Defendants also allege that Plaintiff Laura Garza inserted a handwritten portion to her response to Interrogatory #13 that was not the same response provided to Defendants for discovery. [Doc. No. 139 ¶ 10(b)(7), p. 7, Ex. G; Doc. No. 132, Ex. 3, p. xviii]. Plaintiffs counter that there are minor differences between the response provided during discovery and the summary judgment exhibit. The only discrepancy, according to the claimants, can be attributed to the fact that Defendants received the original handwritten attorney-client communication in the exhibit rather than a scanned copy of the typed discovery response. [Doc. No. 139 ¶ 9]. The Court finds that both of Plaintiff Garza's responses to Interrogatory #13 are largely the same and any minor discrepancies have only benefitted Defendants. As such, Plaintiff Garza will not be sanctioned for including the handwritten portion to the summary judgment exhibit.

h. **Alfredo Gomez's Response to Interrogatory #13**

Defendants further oppose Plaintiff Alfredo Gomez's use of a handwritten insertion in his

response to Interrogatory #13 that was not previously provided to Defendants. [Doc. No. 136 ¶ 10(b)(8), p. 7, Ex. H; Doc. No. 132, Ex. 3, p. xx]. The Court finds that the differences between the summary judgment exhibit and the discovery response are minor and, therefore, do not warrant any sanctions.

### i.     Miguel Hernandez's Response to Interrogatory #13

Defendants highlight that Plaintiff Miguel Hernandez attached a full handwritten insertion in his response to Interrogatory #13 that has never been seen before and is not similar to the response provided to Defendants during discovery. [Doc. No. 136 ¶ 10(b)(9), p. 7, Ex. I; Doc. No. 132, Ex. 3, p. xxiii-xxiv]. Plaintiffs argue that the primary difference between the summary judgment exhibit and the discovery response is the deletion of the discovery objection from the exhibit and deletion of some attorney-client matters from the discovery response that slipped into the summary judgment exhibit. [Doc. No. 139 ¶ 11].

This Court disagrees with Plaintiffs' contentions. Upon examining the responses, it is clear that Plaintiff Hernandez's handwritten response to Interrogatory #13, as provided in the summary judgment exhibit, is significantly different in substance than the typewritten version given to Defendants as part of discovery on March 9, 2007. The handwritten version contains detailed information regarding the circumstances surrounding Plaintiff Hernandez's termination from the Sheriff's Office. These details were not included in the typewritten version. Therefore, the Court STRIKES from the record Plaintiff Miguel Hernandez's response to Interrogatory #13, as it appears in the summary judgment exhibit.

### j.     Martin R. Maldonado's Response to Interrogatory #13

Defendants also object to Plaintiff Martin R. Maldonado's use of a handwritten insertion

in his response to Interrogatory #13 that allegedly was not the same response provided to Defendants. [Doc. No. 136 ¶ 10(b)(10), p. 7, Ex. J; Doc. No. 132, Ex. 3, p. xxix]. The Court finds that the differences between the two responses are minor and therefore do not warrant sanctions.

### k. **Guadalupe Rodriguez's Response to Interrogatory #13**

Defendants further allege that Plaintiff Guadalupe Rodriguez's response to Interrogatory #13 is an altered response that was not given to Defendants for discovery. [Doc. No. 136 ¶ 10(b)(11), p. 7, Ex. I; Doc. No. 132, Ex. 3, p. x]. Plaintiffs counter that the only difference between the summary judgment exhibit and discovery response is the deletion of the discovery objection from the exhibit. [Doc. No. 139 ¶ 13]. The Court finds that the there are minor differences between the two responses and do not warrant sanctions.

### 2. *Monetary Sanctions*

In the First Amended Motion for Sanctions, Defendants request that Plaintiffs be sanctioned an additional $1,500 for the reasonable and necessary attorney's fees associated with Defendants' Reply to Plaintiffs' Response to Defendants' Traditional Motion for Summary Judgment and Defendants' First Amended Motion for Sanctions. [Doc. No. 136 ¶ 10(c), p. 7]. Based on the aforementioned analysis, the Court finds that most of the discrepancies between the summary judgment exhibits and discovery responses highlighted by Defense counsel are minor and, therefore, do not warrant further monetary sanctions at this time.

IT IS SO ORDERED.

DONE at Laredo, Texas, this 25th day of June, 2008.

_____
Adriana Arce-Flores
United States Magistrate Judge