O

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## LAREDO DIVISION

| | | |
|---|---|---|
| MARICELA ARREDONDO, *et al*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| VS. | § | CIVIL ACTION NO. L-05-191 |
| | § | |
| RICK FLORES, *et al*, | § | |
| | § | |
| *Defendants*. | § | |

## OPINION AND ORDER

Pending before the Court is Defendant Webb County Sheriff Rick Flores' and Webb County's Objection to Magistrate Judge's Ruling. [Dkt. No. 143]. By such filing, Defendants object to United States Magistrate Judge Adriana Arce-Flores's Ruling granting in part and denying in part Defendants Webb County Sheriff Rick Flores' and Webb County's Motion and Notice of Motion to Strike Plaintiffs' Pleadings and Responses and Motion for Sanctions for Failure to Comply with Court Order ("Motion to Strike"), [Dkt. No. 122], and Defendants Webb County Sheriff Rick Flores' and Webb County's First Amended Motion for Sanctions for Plaintiffs' Failure to Comply with Court Order[1] ("Amended Motion"), [Dkt. No. 136]. For the reasons stated herein, the Court **ACCEPTS** in part and **REJECTS** in part the Magistrate Court's dispositions.

---

[1] Generally, an amended pleading replaces an earlier pleading. *See* BLACK'S LAW DICTIONARY 1191 (8th ed. 2004). Once an amended pleading is filed, it would be unnecessary to rule on the earlier pleading. Here, the original and amended motions were both considered and ruled upon by the Magistrate. Neither party made any objection to consideration of both motions. Therefore, this Court will treat the amended motion as a second or supplemental motion for sanctions.

## I.     BACKGROUND

### A.     Relevant Facts

This case involves a suit filed pursuant to 42 U.S.C. § 1983 to recover damages and equitable relief for alleged violations of Plaintiffs' First Amendment rights of free speech and association by Defendants.  [Dkt. No. 110 ¶ 2].  Plaintiffs are fifty (50) former employees of the Webb County Sheriff's Department whose employment relationships with Webb County, Texas ended on December 31, 2004 by notice of termination delivered by Sheriff-elect Rick Flores. [*Id.*].  Defendants are Webb County Sheriff Rick Flores ("Flores") and Webb County, Texas. [*Id.*].  Plaintiffs contend that their employment with Webb County was terminated on December 31, 2004 because they supported Flores' opponent in the Webb County Democratic Party primary election.  [*Id.* ¶ 5(A)(i)].  Alternatively, Plaintiffs contend that their employment was terminated because they failed to support the Flores candidacy.  [*Id.*].

On January 29, 2007, Defendants served their First Request for Production, Admissions, Interrogatories, and Depositions on Written Question ("DWQ") on Plaintiffs' attorney, Mr. John Judge.  [*See* Dkt. No. 143 ¶ 3].  After receiving an extension of time from Defendants, Plaintiffs responded on March 9, 2007.  [*Id.* ¶ 3].  Claiming that Plaintiffs' discovery responses were deficient, Defendants served Plaintiffs' counsel with several written requests to confer and to cure such deficiencies.  [*Id.* ¶ 4].  As a result of Plaintiffs' continuous failure to cooperate, Defendants filed a Motion to Compel Plaintiffs to Respond to Defendants' First Request for Production, Admissions, Interrogatories, and DWQs.  [Dkt. No. 103].  On October 16, 2007, the Magistrate Court granted Defendants' motion in part, ordering Plaintiffs to comply within twenty days of that order, i.e., on November 5, 2007.  [Dkt. No. 118].  Plaintiffs failed to comply within the established deadline, and despite an additional attempt to confer with Plaintiffs on November

19, 2007, Plaintiffs again failed to respond.  Accordingly, Defendants filed a Motion to Strike and for Sanctions on November 21, 2007.[2]  [Dkt. No. 122].  In their motion, Defendants (1) contend that Plaintiffs' actions have prejudiced Defendants' ability to meet Court-ordered deadlines and to properly prepare their defense; (2) claim that Plaintiffs have intentionally misled both defense counsel and the Court to believe that Plaintiffs had fully complied when, in fact, Plaintiffs knew they had not; and (3) request monetary sanctions in the amount of $7,500.00 in attorney's fees as the reasonable and necessary fees associated with Defendants' Motion to Compel and Motion to Strike and for Sanctions.[3]  [Dkt. No. 122-2 ¶¶ 5, 8(c)].

Thereafter, Defendants filed their First Amended Motion for Sanctions for Plaintiffs' Failure to Comply with Court Order, requesting additional monetary sanctions in the amount of $1,500.  [Dkt. No. 136].  The Magistrate Court heard oral arguments for both motions on February 19, 2008 (hereinafter, "Hearing") and issued its ruling on June 25, 2008, granting in part and denying in part Defendants' request.  [Dkt. No. 141].  In the pending motion, Defendants object, in part, to the Magistrate Court's ruling.

## II.     STANDARD

### A.     Standard of Review

A district court judge may reconsider any pretrial matter not dispositive of a party's claim or defense that is pending before the court that a magistrate judge has ruled on "where it has been

---

[2] This motion is entitled "Defendants Webb County Sheriff Rick Flores' and Webb County's Motion & Notice of Motion to Strike Plaintiffs' Pleadings and Responses and Motion for Sanctions for Failure to Comply with Court Order."  Contemporaneously therewith, Defendants filed "Defendants Webb County Sheriff Rick Flores' and Webb County's Motion to Strike and for Sanctions for Plaintiffs' Failure to Comply with Court Order."  This second motion, Docket No. 122-2, appears to be a brief in support of the first motion, Docket No. 122, yet is not identified as a brief.  If a brief, it does a poor job of guiding the Court through the motion, Docket No. 122.  If a separate motion, it was not addressed by the Magistrate Court.  To the extent that this Court finds it necessary to consider Docket No. 122-2, it will treat it as a brief.

[3] Plaintiffs filed a response to that motion but did so in an untimely manner—eleven days after the submission date. [See Dkt. No. 131; S.D. Tex. Loc. R. 7.3].  Defendants thus objected to Plaintiffs' response, arguing that it should be disregarded for all purposes.  [Dkt. No. 131].

shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). If a party timely objects to the Magistrate Judge's findings as to a dispositive motion, the district court shall make a de novo determination of any part of the magistrate judge's disposition to which a proper objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or turn the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### B. Legal Standard for Sanctions

Federal Rule of Civil Procedure 37 allows a court to impose sanctions on a party and/or on party's counsel for failure to make disclosures or to cooperate in discovery. If a party fails to obey an order to provide or permit discovery, including a court order compelling disclosure or discovery pursuant to Rule 37(a), the court may prohibit "the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence," and "strike pleadings in whole or in part." Fed. R. Civ. P. 37(b)(2)(ii) and (iii). In lieu of, or in addition to the aforementioned sanctions, "the court must order the disobedient party, the attorney advising the party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

The purpose of sanctions is not just to penalize those parties or individuals whose conduct may warrant a sanction, but also to secure compliance with, and deter violation of, discovery rules and court orders. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). The district court has broad discretion to impose sanctions on uncooperative litigants to redress abusive litigation practices. *Carroll v. Jaques*, 926 F. Supp.

1282, 1291 (E.D. Tex. May 21, 1996); *see also Diaz v. Southern Drilling Corp.*, 427 F.2d 1118, 1126 (5th Cir. 1970); *Garcia v. Victoria Independent Sch. Dist.*, No. 75-V-11, 1978 U.S. Dist. LEXIS 16423, at *21 (S.D. Tex. July 24, 1978).  However, sanctions must be tailored to fit the particular wrong.  *Thomas v. Capital Security Services*, 836 F.2d 866, 877 (5th Cir. 1988). "[T]he district court should carefully choose sanctions that foster the appropriate purpose of the rule [namely, the source of the sanctioning power], depending upon the parties, the violation, and the nature of the case." *Id.*

## III.    DISCUSSION

Defendants request that the Court take judicial notice of the entire contents of the Court's file in this cause and particularly, docket numbers 122, 133, 134, 136, and 139.  [Dkt. No. 143 ¶ 9].  Judicial notice as to these filings is hereby taken.

Defendants request the Court to impose sanctions upon Plaintiffs and also to award Defendants $9,000 in attorney's fees for Plaintiffs' continuous and willful refusal to follow Court orders and for Plaintiffs' pattern of contumacious conduct which allegedly continues to prevent Defendants' timely and appropriate preparation for trial.   [Dkt. Nos. 122-2 ¶ 4; 143 at 8]. Defendants' request for attorney's fees is divided in the following manner:  (1) $7,500 as the reasonable and necessary attorney's fees associated with Defendants' Motion to Compel and Motion to Strike and for Sanctions, [Dkt. No. 122-2 ¶ 8(c)]; and (2) an additional $1,500 for the reasonable and necessary attorney's fees associated with Defendants' Reply to Plaintiff's Response to Defendants' Traditional Motion for Summary Judgment and Defendants' First Amended Motion for Sanctions, [Dkt. No. 136 ¶ 10(c)].

### A.    Failure to Dismiss Frivolous Pleading of Plaintiff Jesus Dominguez

Defendants first argue that the Court should award them attorney's fees as monetary sanctions against Plaintiffs for failing to dismiss the frivolous pleading of Plaintiff Jesus Dominguez.  [Dkt. No 143 ¶ 10(a)].  At the hearing, defense counsel pointed out that Plaintiffs' counsel knew for eight months that Plaintiff Jesus Dominguez had a frivolous lawsuit, but failed to notify defense counsel.[4]  [*See* Dkt. No. 141 at 3].  At that time, Plaintiffs' counsel did not directly address that allegation, but rather merely responded that he had prepared a stipulation of dismissal and was waiting for Dominguez to sign it.  [*See id.*].  The Magistrate Court ordered Dominguez to file a stipulation of dismissal within ten (10) days of its June 25, 2008 order, but did not impose any sanctions.  [*Id.*].  However, the Magistrate Court admonished Plaintiffs that if Dominguez failed to file the stipulation within the given time frame, the Court would consider further sanctions.  [Dkt. No. 141 at 3-4].  Plaintiff Jesus Dominguez filed a Stipulation of Dismissal of claims on July 7, 2008.[5]  [Dkt. No. 146].  The stipulation met the requirements of Federal Rule of Civil Procedure 41(a), therefore it became effective upon filing.

Although neither party has objected to this portion of the Magistrate's order, the Court nonetheless vacates such order.  A stipulation is a "voluntary agreement between opposing parties . . . ."  BLACK'S LAW DICTIONARY 1455 (8th ed. 2004).  A court therefore cannot order a party to voluntarily agree to a dismissal.  Under certain circumstances, the Magistrate Judge could have imposed a filing deadline after which, if the action was not dismissed, the Court

---

[4] Although Dominguez, like the other Plaintiffs, received a notice of termination on December 31, 2004, it appears that he was reinstated after the current lawsuit was filed.

[5] Both parties' counsel signed the stipulation as required by Federal Rule of Civil Procedure 41(a), but defense counsel indicated that she was doing so subject to Defendants' motion for sanctions and attorney's fees for filing of frivolous lawsuit on appeal from the Magistrate Court's order.  [Dkt. Nos. 146, 146-2 at 3-4].  However, because the stipulation met the requirements of Rule 41(a), it became effective upon filing.  Defense counsel, had she wished to preserve her objection to the Magistrate Court's order, could have chosen not to stipulate to the dismissal.

could take further action, but it was clearly in error to order the filing of a stipulation of dismissal.  Therefore, that portion of the Magistrate's order is **VACATED**.

Defense counsel now argues that the Court should impose sanctions on Plaintiffs[6] because Plaintiffs' counsel, at the time of the hearing, had known for more than eight months that Dominguez had filed a frivolous lawsuit given that he remained employed with the Webb County Sheriff's Department in contravention of Plaintiffs' pleadings.  [Dkt. No. 143 ¶ 10(a)]. Thus, Defendants claim that Plaintiffs should be sanctioned for their blatant filing of the frivolous lawsuit and for their failure to address this issue without court intervention despite repeated requests.

Monetary sanctions for filing and/or maintaining a frivolous lawsuit are appropriate under Federal Rule of Civil Procedure 11.  Rule 11 provides in relevant part that "by presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it"—an attorney certifies that to the best of his or her knowledge, information, and belief, such document is not being presented for an improper purpose, "such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation . . . [and] the factual contentions have evidentiary support . . . ."  Fed. R. Civ. P. 11(b).

The Court will not award Defendants monetary sanctions as to this issue for several reasons. First, this issue was not presented in either the Motion to Strike or in the amended motion.  It was not even mentioned in Defendants' brief.  It apparently first surfaced at the hearing before the Magistrate Court.  Even had it been brought up in any of these pleadings, Defendants have not properly made a motion for sanctions regarding Dominguez's allegedly frivolous lawsuit. Rule 11 specifically requires that a motion for sanctions "must be made separately from any

---

[6] Defendants do not specify against which Plaintiffs the sanctions should be awarded, apparently blaming all Plaintiffs for Jesus Dominguez's abuse.

other motion and must describe the specific conduct that violates Rule 11(b)."  Fed. R. Civ. P.

11(c)(2).   In their objections to the Magistrate's ruling, Defendants group this request for

monetary sanctions with their request for sanctions for non-compliance with discovery requests.

However, Rule 11 specifically states that "[t]his rule does not apply to disclosures and discovery

requests, responses, objections, and motions under Rules 26 through 37."  Fed. R. Civ. P. 11(d).

As such, Defendants' objection is deficient.   Moreover, defense counsel fails to quantify the

expense incurred with regards to this issue, particularly in light of the fact that Dominguez is one

of fifty plaintiffs.  Additionally, no evidence was offered in support of Defendants' oral request

for sanctions on this issue.  Based on the record before this Court, the Court is unable to even

determine whether the pleading is in fact frivolous.  Finally, as the Court has previously noted,

the Magistrate Court erred in ordering Plaintiff Dominguez to file a stipulation of dismissal

within ten (10) days of its order.   Accordingly, although the Court **VACATES** the Magistrate

Court's order on this issue, the Court **DENIES** Defendants' request for monetary sanctions as to

this issue.

    **B.**      **Failure to Answer DWQ #21 by Plaintiffs Marco Dominguez and Manuel F. Gaytan**

Defendants next argue that the Court should strike any attempts on behalf of Plaintiffs

Marco Dominguez or Manuel F. Gaytan to answer DWQ #21 and grant Defendants attorney's

fees as monetary sanctions against Plaintiffs for failure to comply with a court order.  [Dkt. No.

143 ¶ 10(b)].

On October 16, 2007, the Magistrate Court granted Defendants' Motion to Compel.

[Dkt. No. 103].  The Magistrate thus ordered Plaintiffs Marco Dominguez and Manuel F. Gaytan

to serve Defendants with their answers to DWQ #21, which asked:  "Have you applied for any

employment since you were not rehired by Webb County Sheriff Rick Flores?  If so, please list

the dates and the employment for which you applied." [Dkt. No. 118 ¶ I(A)(iv)(c)(3)]. Plaintiffs failed to comply with this order. Defendants subsequently requested the Court to prohibit these Plaintiffs from using their efforts to obtain employment as evidence to support their claims or defenses or introduce that information into evidence. [Dkt. No. 122-2 ¶ 8(iii) at 6-7]. Defendants also requested the Court to strike any further attempts by these Plaintiffs to supplement their answers and allow Defendants to use Plaintiffs' failure to answer as evidence of their failure to mitigate their damages. [*Id.*]

Plaintiffs recognized their failure to respond by and beyond the established deadline, but attempted to compromise by stating that these Plaintiffs would "not seek to prove up injury to their future earning capacity absent additional leave of court to supplement their discovery responses, and actual pre-trial supplementation of the pertinent discovery responses to the Court's satisfaction." [Dkt. No. 131 ¶ 7]. The Magistrate Court subsequently granted these Plaintiffs ten (10) additional days to serve their answers on Defendants with the admonishment that failure to do so would result in the automatic striking of any further attempts by Plaintiffs to supplement their answers. [Dkt. No 141 at 5-6].

Defendants now argue that Plaintiffs' failure to comply with the original discovery deadline, the extended deadline, more than six separate attempts by defense counsel at resolving this—and other issues—without Court intervention, and the Magistrate Court's order on Defendants' Motion to Compel, is clear evidence of these Plaintiffs' failure to comply. [Dkt. No. 143 ¶ 10(b)]. Accordingly, Defendants request the Court to strike any further attempts by these two Plaintiffs to supplement their answers and that they be prevented from using any efforts to obtain employment as evidence to support their claims or defenses. [*Id.*].

If a party fails to obey an order to provide discovery, the Court may prohibit the noncompliant party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence.  Fed. R. Civ. P. 37(b)(2)(A)(ii).  The Court may also order the noncompliant party, his attorney, or both, to pay the reasonable expenses, including attorney's fees caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.  Fed. R. Civ. P. 37(b)(2)(C).

The Court believes that these Plaintiffs have had sufficient opportunities to cure their own discovery deficiencies.  It is baffling to the Court that these Plaintiffs have been unable to provide an answer to a simple question in over 230 days.  These Plaintiffs have been given numerous opportunities to comply, and have disregarded every single one of them.  Accordingly, the Court orders that any further attempts by Plaintiffs Marco Dominguez and Manuel F. Gaytan to supplement their answers to DWQ #21 shall be **STRICKEN**.  Furthermore, these Plaintiffs shall not be allowed to oppose any defense that they failed to mitigate their damages.

The Court also believes that payment of attorney's fees is warranted here.  There is no indication that such failure to answer was substantially justified, or that other circumstances would render an award of expenses unjust.  Rule 37(b)(2)(C) specifically indicates that when a party fails to comply with a court order, monetary sanctions may be awarded instead of or in addition to sanctions prohibiting the disobedient party from supplementing their discovery disclosures and introducing designated matters in evidence.  Accordingly, the disobedient parties—Plaintiffs Marco Dominguez and Manuel F. Gaytan, are **ORDERED** to pay defense counsel reasonable attorney's fees and expenses.  However, this amount is limited to the expenses and fees incurred as a result of these two Plaintiffs' failure to comply with this particular discovery request.  To the extent possible, Defense counsel shall submit to the Court a

detailed breakdown of the expenses incurred and fees billed with regards to this issue.  As such, the Court **REJECTS** the Magistrate Court's disposition and **GRANTS** Defendants' request as to this issue.

### C.      Failure to Respond to Request for Admission

Defendants next claim that the Court should award them attorney's fees as monetary sanctions for the failure of Plaintiffs Carmen Maldonado, Jorge Moreno, Jr., and Ricardo Walker to answer a request for admission addressing their filing with the Equal Employment Opportunity Commission" (hereinafter "EEOC").  [Dkt. No. 143 ¶ 10(c)].

On October 16, 2007, the Magistrate Court ordered all Plaintiffs to respond to the following request for admission:  "Plaintiff did not complain about a retaliatory firing in his/her complaint to the [EEOC]."  [Dkt. No. 118 ¶ I(C)(ix)].  Plaintiffs initially objected to this request on relevancy grounds.  [*See id.*].  Defendants countered that Plaintiffs' failure to complain about retaliation in their EEOC complaint, which was filed before the current lawsuit, is admissible impeachment evidence.  [*See id.*].  The Magistrate Court subsequently indicated that this request for admission "is relevant to the parties' claim since the existence of such an EEOC complaint would support Plaintiffs' claim that a retaliatory firing occurred."  [*Id.*].

Plaintiffs did not timely object to the Magistrate's ruling.  Nonetheless, Plaintiffs subsequently raised their objection to the relevancy of such evidence, arguing that this case is based solely on First Amendment retaliation, and that the EEOC lacks jurisdiction over First Amendment claims.  [Dkt. No. 131 ¶ 9].  However, because no timely objection was made, the Magistrate's order became final.  Plaintiffs therefore were under court order to answer this request for admission, or suffer the consequences.[7]

---

[7] In its June 25, 2008 order, the Magistrate Court barred Defendants from using as evidence Plaintiffs' responses (or lack thereof) to this Request for Admission.  Although now moot, the Magistrate's order prohibiting Defendants

Defendants now seek dismissal of these Plaintiffs' claims due to Plaintiffs' failure to answer this request for admission. Plaintiffs clearly did not answer originally, instead raising an objection. Once the objection was overruled by the Magistrate Court, Plaintiffs had the choice of filing an objection with this Court or complying with the Magistrate's order. Plaintiffs did neither. Such conduct clearly warrants sanctions. As such, the Court **REJECTS** the Magistrate Court's disposition and **GRANTS** Defendants' request as discussed in Part D, *infra*.

### D.  Striking Pleadings of Plaintiffs Carmen Maldonado, Jorge Moreno, and Ricardo Walker for Cumulative Failure to Participate in the Litigation and Engage in Discovery Abuses

Defendants request that the pleadings of Carmen Maldonado, Jorge Moreno, Jr., and Ricardo Walker, be stricken due to their continued non-participation in the litigation and multiple discovery abuses. [Dkt. No. 143 ¶ 10(c) at 6, 7].

Defendants argue that Plaintiffs' failure to answer the Request for Admission discussed above was, in a sense, the last drop in a series of discovery abuses and that the Court should consider them as a whole. The Magistrate Court made the following determinations as to these three Plaintiffs: (1) Plaintiff Walker verified that answers to the DWQs were not served until July 5, 2007, (approximately 18 months after they were originally due), [Dkt. No. 141 at 3]; (2) the verified answers to the DWQs of Plaintiffs Carmen Maldonado and Jorge Moreno had not been served and no acceptable reason for the failure was provided, [*Id.* at 4]; and (3) the answers to Interrogatories of Plaintiffs Carmen Maldonado, Jorge Moreno, and Ricardo Walker had not been served and no acceptable reason for the failure was provided, [*Id.* at 6].

In this case, the record establishes that Plaintiffs Maldonado, Moreno, and Walker have failed to comply with discovery and with the Court's orders in the following manner:

---

from using this evidence at trial was also in error. Such evidentiary ruling should be made by the District Court. [Dkt. No. 141 at 8]. This ruling is erroneous.

### 1.   *Depositions on Written Questions*

On February 14, 2007, Plaintiffs Maldonado, Moreno, and Walker were served with DWQs.  The date of the depositions associated with the DWQs is unclear from the record. However, with regards to Walker, Plaintiffs admitted their noncompliance, acknowledged that Defendants are entitled to his deposition, and indicated that he would "try to do better."  [*See* Dkt. No. 103-8 at 29].  Walker eventually served his answers on July 5, 2007—approximately 18 months after the original deadline, [Dkt. Nos. 106 ¶ 2; 106-3 at 9-16]—which the Magistrate Court accepted as late, [Dkt. No. 141 at 4].  On October 16, 2007, the Magistrate Court ordered Plaintiffs Maldonado and Moreno to serve their verified answers to the DWQs to Defendants. [Dkt. No. 118 at 2].   As of this date, neither Maldonado nor Moreno have submitted their verified answers or provided an acceptable reason for their noncompliance.

### 2.   *Interrogatories*

Notwithstanding that Plaintiffs Maldonado, Moreno, and Walker were granted an extension of time to answer the propounded interrogatories, they failed to answer the following specific interrogatories by the March 9, 2007 deadline, [s*ee* Dkt. No. 103-5 at 5-6, 7-8, & 9-10]:

- "Describe all efforts made by Plaintiff to obtain employment after he/she failed to be rehired by Defendants including names of prospective employers."   [*See id.* at 8 (citing Ex. 1.B.27, Q #10 (Maldonado), Ex. 1.B.33, Q #2 (Moreno), Ex. 1.B.50, Q #10 (Walker))].

- "State with particularity how Defendants have caused injury to Plaintiffs' past and future earning capacity."   [*See* Dkt. No. 10. at 10 (citing Ex. 1.B.27, Q #6 (Maldonado), Ex. 1.B.33, Q #1 (Moreno), Ex. 1.B.50, Q #6 (Walker))].

- "State all facts that support Plaintiff's contention that Plaintiff's political support of the incumbent Sheriff was the motivating factor in Plaintiff's failure to be rehired." [*See id.* (citing Ex. 1.B.27, Q #5 (Maldonado), Ex. 1.B.33, Q #8 (Moreno), Ex. 1.B.50, Q #2 (Walker))].

- "State all facts that support Plaintiff's contention that Defendant Flores knew of Plaintiff's political support of the incumbent Sheriff Juan Garza."   [*See id.* at 11

(citing Ex. 1.B.27, Q #5 (Maldonado), Ex. 1.B.33, Q #6 (Moreno), Ex. 1.B.50, Q #2 (Walker))].

- "Describe Plaintiff's educational background." [*See id.* at 12 (citing Ex. 1.B.27, Q #4 (Maldonado), Ex. 1.B.33, Q #5 (Moreno), Ex. 1.B.50, Q #11 (Walker))].

- "State whether Plaintiff was ever investigated by any agency for any wrongdoing or violation within the Webb County Sheriff's Department during his/her employment there and the dates of such investigations." [*See id.* at 12-13 (citing Ex. 1.B.27, Q #12 (Maldonado), Ex. 1.B.33, Q #12 (Moreno), Ex. 1.B.50, Q #9 (Walker))].

- "If Plaintiff was ever suspended from duty at the Webb County Sheriff's Department, state the nature of each suspension and the dates Plaintiff was suspended from duty." [*See id.* at 13 (citing Ex. 1.B.27, Q #2 (Maldonado), Ex. 1.B.33, Q #14 (Moreno), Ex. 1.B.50, Q #5, 103-20 at 3 (Walker))].

- "State with particularity how Plaintiff has suffered physical pain, mental anguish, and or emotional distress." [*See id.* at 14]. Plaintiff was also instructed that in his/her response for each, the following information had to be included: any treating therapist, counselor, or physician Plaintiff has seen; any medications Plaintiff is taking, and physical and mental affects Plaintiff has suffered as a result of said mental anguish. [*Id.* (citing Ex. 1.B.27, Q #13 (Maldonado), Ex. 1.B.33, Q #10 (Moreno), Ex. 1.B.50, Q #8, 103-20 at 4 (Walker))].

- "State the nature of Plaintiff's employment with Sheriff Juan Garza, including a detailed job description and a complete list of the physical, mental, and other skills necessary to perform all required job tasks." [*See id.* at 15 (citing Ex. 1.B.27, Q #8 (Maldonado), Ex. 1.B.33, Q #13 (Moreno), Ex. 1.B.50, Q #1 (Walker))].

- "State with particularity all activities Plaintiff claims constituted the 'open and notorious' support of Sheriff Juan Garza." [*See id.* at 15 (citing Ex. 1.B.27, Q #1 (Maldonado), Ex. 1.B.33, Q #15 (Moreno), Ex. 1.B.50, Q #15, 103-20 at 3 (Walker))].

In their response to each of these interrogatories, Plaintiffs refer Defendants to the DWQ propounded to Plaintiffs. [*See* Dkt. No. 103-21 at 23, 24 (Moreno) Ex. 3 at 1, 2]. However, no DWQs were returned by Plaintiffs Maldonado and Moreno. [*See* Ex. 1.A.9].

On October 16, 2007, the Magistrate Court ordered these plaintiffs to respond to the Interrogatories within twenty (20) days of its order. [Dkt. No. 118 at 6-13]. Plaintiffs did not comply with the Court's order, and on December 22, 2007, Plaintiffs indicated in their response

to Defendants' Motion to Strike that their failure to comply was not willful or in bad faith, and that they had not "given up in their efforts to obtain the desired discovery responses from Plaintiffs." [Dkt. No. 131 ¶ 8].  Further, Plaintiffs' counsel acknowledged that "Defendants are entitled to [the DWQs] and verified interrogatories" of Plaintiffs Maldonado and Moreno.  [Dkt. No. 103-8 at 18].  However, as of this date, none of these Plaintiffs have submitted their answers to the interrogatories or provided an acceptable reason for their non-compliance.

### 3.   *Request for Admissions*

Finally, after Plaintiffs were granted an extension of time to answer the propounded Requests for Admissions, Plaintiffs Maldonado, Moreno, and Walker filed insufficient responses to a number of Requests for Admission by the March 9, 2007 deadline.  [*See* Dkt. No. 103 at 17-23 (citing Ex. 1C.27, Q #10, 11, 24, 26, Ex. 1A.9 (Maldonado); Ex. 1C.33, Q #1, 2, 4, Ex. 1A.9 (Moreno); and Ex. 1C.50, Q #1, 2, 24, 26, Ex. 1A.9 (Walker))].

On October 16, 2007, the Magistrate Judge found that Plaintiffs had failed to satisfactorily answer a number of Requests for Admission.  Consequently, the Magistrate stated that as a result of having failed to respond timely, Plaintiffs Maldonado, Moreno, and Walker were deemed to have admitted the following Requests for Admission:

- Plaintiff received unsatisfactory job performance reviews while working for the Webb County Sheriff's Department, [Dkt. No. 118 at 13-14];

- Plaintiff received negative performance reviews and evaluations during the course of his/her employment with the Webb County Sheriff's Department before the speech in question occurred, [*id.* at 14];

- Plaintiff violated rules, regulations and/or policies during his/her employment with the Webb County Sheriff's Department, [*id.* at 14-15];

- Plaintiff had disciplinary conduct taken against him/her before the speech in question occurred, [*id.* at 15]; and

- Plaintiff did not receive merit pay increases during his/her employment with the Webb County Sheriff's Department, [*id.*].

Additionally, the Court ordered Plaintiffs to answer the following request for admission within twenty (20) days of the Court's order:  "Plaintiff did not complain about a retaliatory firing in his/her complaint to the Equal Opportunity Employment Commission."  [*Id.* at 16].  As discussed above, Plaintiffs failed to admit the aforementioned request for admission by the designated date and provided no reason for their noncompliance.

In sum, Plaintiffs Carmen Maldonado, Jorge Moreno, and Ricardo Walker have failed to comply with Defendants multiple discovery requests and with two of the Magistrate Court's orders.  Such conduct clearly warrants sanctions.  Plaintiffs Maldonado, Moreno, and Walker have had more than sufficient time to provide and/or supplement the aforementioned information.  The failure of these Plaintiffs to supplement disclosures and responses and overall cooperate in discovery is in direct violation of Federal Rules of Civil Procedure 26(e)(1), 33(b)(2) & (3), and 36(a)(3) & (4).

Federal Rule of Civil Procedure 37(b)(2)(A)(v) authorizes dismissal with prejudice when a party refuses to obey a discovery order.  Because of the severity of this sanction, dismissal with prejudice is typically appropriate when there is a clear record of delay or contumacious conduct and the party's refusal to obey a discovery order is done willfully and in bad faith.  *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990); *see also National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (holding that the trial court did not abuse its discretion in dismissing action when plaintiffs failed to answer interrogatories on time, and failure to supplement inadequate original answers was deemed to be in bad faith).  Additionally, the conduct must substantially prejudice the opposing party and a lesser sanction

must be an inefficacious deterrent.  *Coane*, 898 F.2d at 1032 (citing *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744 (5th Cir. 1987)).

Plaintiffs Maldonado, Moreno, and Walker have abused the multiple opportunities that the Magistrate Court and defense counsel have given them.  They have provided neither an acceptable reason for their non-compliance, nor an indication that they will respect Court orders in the future.  As such, because of these Plaintiffs' multiple discovery abuses and continued non-participation in the litigation, the Court believes that dismissal is an appropriate remedy.  Accordingly, the claims of Plaintiffs Carmen Maldonado, Jorge Moreno, and Ricardo Walker are hereby **DISMISSED** with prejudice pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v).

Defendants also request monetary sanctions for these Plaintiffs' continuous noncompliance and contumacious conduct.  As stated above, the record establishes that Plaintiffs Maldonado, Moreno, and Walker have failed to comply with discovery and with the Court's orders as described in this Order.  It is clear that these Plaintiffs' noncompliance has prejudiced Defendants, causing them to incur additional attorney's fees in order to get Plaintiffs to comply with discovery requests.  Consequently, Carmen Maldonado, Jorge Moreno, and Ricardo Walker, and Plaintiffs' counsel are **ORDERED** to pay monetary sanctions.  However, this monetary award shall be limited to that which defense counsel expended on this issue.

### E.      Intentional Alteration and Creation of New Interrogatory Responses in Support of their Response to Defendants' Summary Judgment Motion

Finally, Defendants allege that Plaintiffs intentionally altered, created new responses, or offered unverified interrogatory responses in support of their response to Defendants' motion for summary judgment.  Rule 26(e)(1) requires supplementation of interrogatory responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been

made known to the other parties during the discovery process or in writing . . . ."  Defendants wholly fail to address the requirement of this rule.

Here, although Plaintiffs attached to their response to Defendant's motion for summary judgment what appear to be altered or new answers to their interrogatories, it is unclear whether Plaintiffs have actually supplemented the original interrogatory answers.  To the extent that the altered or new responses differ only slightly or in insignificant ways from the original responses, the Court will not impose sanctions.  Accordingly, the Court finds that the Magistrate's order as to the interrogatory answers of Plaintiffs Maricela Arredondo, Laura L. Garza, Alfredo Gomez, Martin Ramiro Maldonado, and Guadalupe Rodriguez is not clearly erroneous or contrary to law and hereby affirms such order and further **DENIES** attorney's fees.

However, as to Plaintiff Miguel Hernandez, the Court adopts the Magistrate's finding that Hernandez's handwritten response to Interrogatory #13, as provided in the summary judgment exhibit, is significantly different in substance than the typewritten version given to Defendants as part of discovery on March 9, 2007.  [Dkt. No. 141 at 16].  As stated in the Magistrate Court's order, the handwritten version contains detailed information regarding the circumstances surrounding Hernandez's termination from the Sheriff's office, which was not included in the typewritten version.  [*Id.*].  The Magistrate Court only ordered Hernandez's response to be stricken from the record.  This Court believes that monetary sanctions are additionally warranted. Hernandez clearly had an obligation to supplement his response.  Accordingly, the Court **ACCEPTS** the Magistrate Court's conclusion but **REJECTS** its denial of sanctions. Defendants' request for sanctions is hereby **GRANTED**.  Defense counsel shall submit to the Court a detailed breakdown of the expenses incurred and fees billed with regards to this issue.

Next, Defendants complain that Plaintiffs Samuel Rubio and Homero Rangel have also submitted unverified answers and information that differ from the original.  [Dkt. No. 136 at 5-6].  However, as noted in the Magistrate's order, defense counsel stated at the hearing that she would "stand down" from pursuing sanctions on this issue as to these Plaintiffs and would accept as late service Rubio's answers to DWQs, and Rangel's verified signature page, as attached to Plaintiffs' Response to the Motion to Compel.  [Dkt. No. 141 at 13-14].  Accordingly, as stated in the Magistrate Court's order, Defendants' claims on this matter are **MOOT**.

Defendants also complain that Plaintiff Marco Dominguez provided an unverified response to Defendants' interrogatories.  [Dkt. No. 136 at 6].  Plaintiffs counter that Dominguez's verified signature page was provided along with their summary judgment pleading as an exhibit.  [Dkt. No. 139 at 7-8].  The Magistrate Court ordered that it would accept as late service upon Defendants the copy of Plaintiff Marco Dominguez's verified signature page for the answers to interrogatories.  [Dkt. No. 141 at 14].  Because the Court does not believe that this rises to the level of sanctionable conduct, the Court **AFFIRMS** the Magistrate Court's disposition and **DENIES** Defendants' request for monetary sanctions as to this issue.

Defendants also complain that Plaintiff Jesus Dominguez submitted answers to Defendants' DWQs that were unverified and had never before been disclosed despite repeated requests.  Because Dominguez has now been dismissed, no further sanctions will be imposed.

## III.   CONCLUSION

For the aforementioned reasons, the Court hereby **ACCEPTS** in part and **REJECTS** in part the Magistrate Court's dispositions.

The Court hereby **ORDERS** that the Magistrate's order to Plaintiffs to file a stipulation of dismissal as to Plaintiff Jesus Dominguez shall be **VACATED**.

**FURTHER**, the Court hereby **DENIES** Defendants' request for monetary sanctions as to Plaintiff Jesus Dominguez's for alleged failure to dismiss a frivolous pleading; **STRIKES** any further attempts by Plaintiffs Marco Dominguez and Manuel F. Gaytan to supplement their answers to DWQ #21; **GRANTS** Defendants' request for monetary sanctions for Plaintiffs Marco Dominguez's and Manuel F. Gaytan's failure to comply with Defendants' discovery requests; **GRANTS** Defendants' request for monetary sanctions for the failure of Plaintiffs Carmen Maldonado, Jorge Moreno, Jr., and Ricardo Walker to respond to a request for admission; **DISMISSES WITH PREJUDICE** the pleadings of Plaintiffs Carmen Maldonado, Jorge Moreno, and Ricardo Walker for their continuous and willful refusal to follow Court orders and for their pattern of contumacious discovery abuse; **GRANTS** Defendants' request for monetary sanctions for Plaintiffs Carmen Maldonado's, Jorge Moreno, Jr.'s, and Ricardo Walker's continuous noncompliance with discovery requests.

**FURTHER**, the court **DENIES** Defendants' request for monetary sanctions for Plaintiff Marco Dominguez's alleged failure to provide an unverified response to Defendants' interrogatories and for Plaintiffs Maricela Arredondo, Laura L. Garza, Alfredo Gomez, Martin Ramiro Maldonado, and Guadalupe Rodriguez alleged willful incorporation of altered responses in the summary judgment exhibit, and **GRANTS** Defendants' request for monetary sanctions for Plaintiff Miguel Hernandez's failure to properly supplement his interrogatory answers.

**FURTHER**, Defendants' claim for monetary damages as a result of Plaintiffs Samuel Rubio, Ricardo Walker, and Homero Rangel's failure to submit verified answers is **DENIED** as **MOOT**.

**FURTHER**, as reiterated throughout this Order, although sanctions are warranted, this monetary award shall be limited to that which defense counsel expended as to each particular

issue. Because the Court is unable to figure out this amount by looking at defense counsel's discovery timesheet, defense counsel **SHALL SUBMIT TO THE COURT** within thirty (30) days of this order a breakdown of the expenses incurred and the fees billed with regards to each issue.  [*See* Dkt. No. 133-4].

IT IS SO ORDERED.

DONE this 22nd day of August, 2008, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**